Fassman *v.* Baumgartner.

JOHN FASSMAN, Respondent, *v.* CHRISTIAN BAUM-
GARTNER and ANNA SCHRANN, Appellants.

*Appeal from Benton County.*

APPEAL.—JUDGMENT BY CONFESSION.—Sec. 526 of the Code provides that no
appeal shall lie, in cases of judgment or decree, by confession or for
want of answer.

APPEAL.—By an attempted appeal from a decree for want of answer, this
court acquires no other jurisdiction over the subject than the power to
dismiss such appeal.

AT the November term, 1869, of the circuit court for
Benton county, the defendants, appellants here, withdrew
their answers, and judgment [decree] was rendered upon
the complaint as upon failure to answer. The defendants
afterwards gave notice of an appeal, and filed the usual
bond, but failed to file a transcript in the supreme court by
the second day of this term. The respondent Fassman
brought a certified copy of the bond and necessary papers,
and moved here for an affirmance of the judgment, with
ten per cent. damages.

*Strahan & Burnett,* for the motion.

*F. A. Chenoweth,* against.

PRIM, C. J. Section 526 of the Code declares that "any
party to a judgment or decree, other than a judgment or
decree given by confession, or for want of answer, may
appeal therefrom."

When a case is here upon a proper appeal, this court may
take any action thereon authorized by statute. But this mo-
tion develops facts showing that this was an attempted ap-
peal in a case in which the law admits of no appeal. The
parties below were present in that court, and the defendants
substantially failed to answer, and the decree was given for
that reason.

There could be no appeal. This court could acquire no jurisdiction of the case, other than to dismiss the attempted appeal.

The plaintiff below might have treated the appeal as a nullity, and procured an execution at any time.

Motion is denied.