ALLEN SIMPSON, RESPONDENT, v. WILLIAM B. PRATHER, APPELLANT.

DEMURRER.—If, from inspection of a complaint, the whole or any part thereof can be resolved into a cause of action, a general demurrer will be overruled.

DISMISSAL OF APPEAL—EFFECT OF.—Dismissal of appeal is equivalent to regular affirmance of the judgment.

JUDGMENT ON THE PLEADINGS—WHEN ALLOWED.—When the answer admits all the facts alleged in the complaint, or does not deny them, but denies the legal conclusions only, judgment on the pleadings may, on motion, be allowed.

IDEM—WHERE THERE IS A JOINT LIABILITY.—Where a number of persons are jointly and severally bound, judgment may be entered against those over whom the court acquires jurisdiction.

APPEAL from Polk County.

This cause was tried in the Circuit Court of the State of Oregon for the County of Polk, at the November term, 1873. On August 24, 1872, judgment was given in Justice's Court for Luckiamute Precinct, in said county, in favor of Allen Simpson, and against one Moses W. Hart, for one hundred and eight dollars, costs and disbursements. On August 30 said Hart appealed to the Circuit Court and filed an undertaking on appeal, which was duly executed by Moses W. Hart, William Prather and E. W. Russell, by which said parties jointly and severally undertook that Hart would pay all damages, costs and disbursements which might be awarded against him on the appeal from said judgment, or if any part thereof should be affirmed, the appellant would satisfy the same so far as affirmed.

That at the time of filing the said undertaking execution had been issued, and sufficient property levied upon to satisfy the said judgment and costs, all of which proceedings were stayed, and the property levied upon was released.

That by an order of the said Circuit Court, made at the November term, 1872, the judgment appealed from was "in all respects affirmed in this, that the said appeal to said Circuit Court was dismissed, and the defendants have abandoned their appeal, and that more than six months have elapsed since the notice of appeal was filed herein in the said Justice's Court, and that defendants have wholly failed and neglected to perfect said appeal."

To this complaint the defendants interposed a general demurrer, which, after argument, was by the court overruled. Prather, the appellant, thereupon filed his answer, denying "that the judgment rendered in the Justice's Court of said Luckiamute Precinct, on the 24th day of August, 1872, against said Moses W. Hart, was affirmed by the Circuit Court." After the answer was filed plaintiff moved for

judgment on the pleadings, upon the ground that the answer presented no defense. The motion was sustained, and judgment for one hundred and eight dollars, damages and costs and interest, was rendered against W. B. Prather, appellant.

*L. Vinyard,* for Appellant.

*B. Hayden and Myers & Daly,* for Respondent.

By the Court, McARTHUR, J.:

The first error assigned is that the court erred in overruling the demurrer. As has been stated, the demurrer is a general one, and the rule is well settled that if, from inspection of the pleading, the whole, or any part thereof, can be resolved into a cause of action, the demurrer must be overruled. (*People* v. *Mayer,* 21 Barb. 240.) The principal objection urged to the complaint is, that it does not show that the judgment was affirmed, but simply that it was dismissed. The respondent claims that the dismissal of the appeal operated as an affirmance of the judgment. As that fact is supplemented by the allegation of the further facts that the time for taking the appeal had fully elapsed and that the same had been abandoned, we are of opinion that the dismissal operated as an affirmance of the judgment of the court below. In this view we are supported by *McConnel* v. *Swailes* (2 Scam. 572), in which it was held that the dismissal of an appeal is equivalent to a regular technical affirmance of the judgment appealed from so as to entitle the party to claim a forfeiture of the bond and have his action therefor. *Sutherland* v. *Phelps* (22 Ill. 91) cites and approves *McConnel* v. *Swailes.* *Harrison* v. *Bank of Kentucky* (3 J. J. M. 375) is to the same effect, as also is *Karth* v. *Light* (15 Cal. 325). These cases lay down a doctrine antagonistic to that laid down in *Drummond* v. *Husson* (14 N. Y. 60), the case relied on by appellant's counsel. We cannot give our assent to the application of the New York rule, but will follow the rule in the other cases cited as being, in our opinion, the correct one.

The second assignment of error is that the court erred in granting respondent's motion for judgment on the pleadings. The answer was fatally defective. It tendered no issue. It admits the execution of the undertaking, admits that the appeal was dismissed on motion, and that more than six months had elapsed since the appeal was taken from the Justice's Court. The only denial is of an indebtedness in the sum of one hundred and eight dollars—a negative pregnant. It admits all the facts upon which the indebtedness arose, but denies only the legal conclusion from those facts. Therefore, we think the answer tendered no issue. Hence, the motion for judgment on the pleadings was well taken and properly sustained by the court below.

It appears that Prather was the only party against whom judgment was entered. He was the only defendant served, and the only one over whom the court had acquired jurisdiction. The obligation was joint and several, and allowing and entering judgment against one jointly and severally bound with others was strictly in accordance with the terms fixed by himself in the written instrument, and was not error.

Judgment affirmed.