# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

## JULY TERM, 1880.

THE STATE OF OREGON, EX REL. J. H. MAHONEY, RESPONDENT, v. J. D. McKINNON, ALVA PIKE, JOHN H. SHUPE, E. J. PAGE, AND GEORGE SACRY, APPELLANTS.

THE DISMISSAL OF AN APPEAL by order of the appellate court, for defects in the undertaking of appeal itself, does not operate as an affirmance of the judgment appealed from.

APPEAL from Douglas County. The facts are stated in the opinion.

*Herman and Ball*, for appellant.

*Wm. R. Willis*, for respondent.

By the Court, WATSON, J.:

The respondent has filed a motion to dismiss the appeal in this case, upon the ground of a former appeal having been taken from the same judgment, and dismissed at a previous term of this court. The record shows that this former appeal was dismissed on motion of the respondent, at the last January term, for defects in the undertaking, while appellants were present by their counsel, prosecuting the appeal, and after their request to file a sufficient undertaking made on the hearing of the motion to dismiss had been denied by the court. The respondent contends that upon this state of facts, there was an abandonment of the appeal, and that the order of dismissal operated as an affirmance of the judgment appealed from. We think otherwise.

The appeal had not been perfected by the filing of an undertaking conforming to the requirements of the statute regulating the mode of taking appeals to this court, and the court had not acquired sufficient jurisdiction of the case to proceed and try it upon its merits, and render a final decision, either affirming, modifying, or reversing the judgment appealed from; and this degree of jurisdiction we hold to be essential to give the mere order of dismissal the effect of affirming the judgment appealed from, and terminating the appeal.

The appeal is perfected by filing an undertaking therefor conforming to the statute, within the time fixed in the statute, or such further time as may be allowed by the court. (Code, secs. 527, 528.) Until thus perfected, the appeal is wholly ineffectual. (*Canyon Road Company* v. *Lawrence,* 3 Oregon, 519.) The appeal must be perfected, and the transcript filed within the time allowed by law, before the appellate court has any jurisdiction of the cause. (Code, sec. 531.)

The appellate court, upon an attempted appeal as defective as this one was, had no other jurisdiction over the case than to dismiss it without affirming the judgment or decision appealed from. (*Fassman* v. *Baumgartner,* 3 Or. 469, *Long* v. *Sharp,* 5 Or. 442.)

We have examined the authorities cited by the respondent carefully, and find no case among them where it has been held that an order dismissing an appeal for jurisdictional defects, amounted to an affirmance of the judgment appealed from, and terminated a party's right to take another appeal within the time fixed by law. They seem to have been cases where the appeal had been perfected, and jurisdiction acquired by the appellate court, but their prosecution had been abandoned by appellants. (*Simpson* v. *Prayther,* 5 Or. 86, and cases there cited.)

Such being the view entertained by the court, the motion to dismiss will be denied.