# N. P. Terminal Co. *v.* Lowenberg, et. al.

An Undertaking on Appeal must be Filed within ten days from the time of the service of the notice of appeal. If filed on the eleventh day, the appeal will be dismissed.

The Assignment of Errors in a Notice of Appeal must be specific. It is not sufficient to state generally, that the errors relied on consisted in admitting or excluding testimony as shown by the bill of exceptions.

Appeal from Multnomah County.

*Fecheimer & Ach,* for appellant.

*Joseph Simon,* for respondent.

By the Court, Watson, C. J.:

This is a motion to dismiss the appeal upon the grounds:

1.  The notice of appeal was not served and filed in the lower court within the time allowed by the statute providing the mode of taking appeals to this court.

2.  The undertaking for the appeal was not given within the period prescribed by such statute.

3.  There is no assignment of errors in the notice of appeal.

The transcript shows that the judgment attempted to be brought here for review, was entered August 15, 1883, and that the notice of appeal was served on February 14, 1884, but not filed in the lower court until the day following.

The notice of appeal, however, describes the judgment as having been made and entered August 14, 1883, but the description given in the notice is otherwise sufficient to fully identify the judgment and demonstrate the mistake as to the date of its entry.

The undertaking appears not to have been filed until February 25, 1884.

The only assignments of error in the notice of appeal, are that the court below erred:

1. In admitting certain testimony as is fully stated in the bill of exceptions herein filed.

2. In excluding certain testimony as is fully stated in said bill of exceptions.

The statute requires the undertaking for appeal to be filed with the clerk of the court, from whose decision the appeal is sought, within ten days from the service of the notice. (Civil Code, 527.)

It is plain that this provision was not complied with in this instance. The ten days expired on February 24, 1884, while the undertaking was not filed until the day after. And the objection to the sufficiency of the assignments of error is also well founded.

The particular errors relied upon must be specified. This has so often been ruled by this court that no further examination of the principle seems necessary. (*State of Oregon* v. *McKinnon*, 8 Or., 485.)

It is clearly not sufficient to assign error generally in admitting or excluding testimony, as shown by the bill of exceptions.

The first ground stated in the motion to dismiss is obviated by an inspection of the record itself.

From that, the service and filing of the notice of appeal appears to have taken place within the time prescribed by the statute.

But upon both the second and third grounds, the motion to dismiss must be sustained.

The appeal is dismissed.