Argued 20 December, 1898; decided 30 January, 1899.

## WHIPPLE *v.* SOUTHERN PACIFIC COMPANY.

[55 Pac. 975.]

1. Rules of Court—Abstract of Record.—An objection that appellant's abstract is not indexed as required by rule 9 of this court (24 Or. 596) comes too late after respondent has filed a brief on the merits of the case.

2. Justice of the Peace—Default.—The mere presence of the defendant in court by an attorney will not prevent the rendition of a judgment against him in a justice's court for want of an answer under Hill's Ann. Laws, § 530. Under the statute, Laws, 1893, p. 38, he has the choice of an oral or written answer, but some answer must be made or judgment may be entered against him.

3. Implied Repeal—Appeal From Default Judgment.—Laws, 1893, p. 38, § 6, authorizing the circuit court, on appeal from a justice's court, to disregard irregularities and imperfections in matters of form as to the proceedings below, does not modify Section 2117, Hill's Ann. Laws, which prohibits an appeal from a justice's judgment given for want of an answer, since, there being no answer, there is no "matter of form" to be disregarded.

4. Justice of the Peace—Appeal—Tort.—To entitle a defendant who suffered a default in a justice's court in an action for tort to appeal from the assessment of damages under Hill's Ann. Laws, § 249, subd. 2, permitting the

defendant, notwithstanding his default, to offer proof on the question of damages and to appeal from the assessment thereof, he must offer proof in the justice's court.

5. JUDGMENT ON DISMISSAL OF APPEAL.—The circuit court, in dismissing an appeal from a justice's court, cannot render judgment for appellee: *State ex rel.* v. *McKinnon*, 8 Or. 485, and *Neppach* v. *Jordan*, 13 Or. 246, followed.

From Douglas :    J. C. FULLERTON, Judge.

This action was commenced by William Whipple against the Southern Pacific Company in the Justice's Court of Pass Creek Precinct, Douglas County, to recover the sum of $50, the alleged value of a cow, which was killed by being struck with a locomotive operated by defendant's servants.    The transcript shows that defendant, having been served with the summons in said action, appeared by an attorney at the time and place specified in the notice, whereupon the court, at its request, postponed the trial to June 23, 1896, at the hour of 10 o'clock A. M.; that at the time so appointed the court, at defendant's request, adjourned the hearing another hour, at the expiration of which time the following entry was made in the justice's docket, to wit : "June 23.    The hour of 11 o'clock having arrived, and no answer or pleading of any kind having been filed, plaintiff again demanded judgment, and it is by the court considered, ordered and adjudged that said plaintiff have of and from said defendant the sum of $50, and his costs and disbursements at $20.85, and hereof let execution issue."    From this judgment the defendant appealed to the circuit court, and there moved for leave to file a formal answer, which, being denied, the appeal was dismissed, and judgment rendered against defendant as originally given, and for plaintiff's costs and disbursements incurred in the circuit court ; and from this latter judgment defendant appeals.

REVERSED.

For appellant there was a brief over the names of *Albert H. Tanner* and *Wm. R. Willis*, with an oral argument by *Mr. Tanner*.

For respondent there was a brief over the name of *E. D. Stratford*, with an oral argument by *Mr. Andrew M. Crawford*.

MR. JUSTICE MOORE, after stating the facts, delivered the opinion of the court.

1.   As a preliminary matter, plaintiff's counsel move to dismiss the appeal upon the ground that appellant's printed abstract is not indexed, and does not contain so much of the record as is necessary to a full understanding of the questions presented for decision. The respondent, availing himself of the provisions of rule five of this court, filed an additional abstract, containing such portions of the omitted record as he deemed essential to a full understanding of the questions involved in the appeal, thus correcting the record in that respect. The objection that the abstract does not contain an index comes too late after respondent has filed his brief upon the merits, and hence the motion is denied.

2.   Considering the appeal as made by the record, it is contended by defendant's counsel that no formal or written answer was required in the justice's court (Laws, 1893, p. 38), and that, defendant being in court by an attorney, and ready for trial, no judgment could be rendered against it for want of an answer. A defendant appears in an action when he answers, demurs, or gives the plaintiff written notice of his appearance, and until he does so appear he shall not be heard in such action : Hill's Ann. Laws, § 530. In *McCoy* v. *Bell*, 1 Wash. St. 504 (20 Pac. 595), under a similar statute, it was held

that a defendant, in person or by an attorney, must give notice of his appearance, and that a mere corporal presence of the defendant or his agent at the place of trial is not sufficient, notwithstanding the Code of Washington provided that pleadings, except in certain cases, can be made orally or in writing. See, also, *Belknap* v. *Charlton*, 25 Or. 41 (34 Pac. 758). If the rule was as contended for, and a plaintiff could not take judgment when the defendant was present in court, what an anomalous condition would confront a plaintiff when the defendant appeared in pursuance of the service of a summons, but refused to plead. The pleadings in a justice's court may be either oral or in writing, but, when oral, the substance thereof must be entered in the justice's docket: Laws, 1893, p. 38. The transcript of such docket, however, fails to show that defendant's attorney made any oral statement to the justice which he desired should be entered in the docket as an answer to the complaint, and, as he failed to file a written answer within the time allowed by the court, the defendant was in default when the judgment was rendered.

3. It is contended that the amendment of 1893 (Laws, 1893, p. 38, § 6), which provides that "whenever an appeal shall have been taken from the judgment rendered in the justice's court, and perfected by giving service and filing the notice of appeal, and giving the undertaking, and filing the transcript as required by law, the circuit court shall proceed to hear, try, and determine the cause anew, disregarding irregularities and imperfections in matters of form which may have occurred in the proceedings in the justice's court," has repealed by implication Section 2117, Hill's Ann. Laws, which denies the right of appeal from a judgment of a justice's court given for want of an answer. The amendment relied upon was undoubtedly intended by the legislative assem-

bly to simplify proceedings in a justice's court by permitting parties litigant to make an oral statement to the justice, to be entered in his docket as a pleading, instead of filing a formal writing constituting a cause of action or defense; but there must be some pleading in that court, or there could be no "matters of form" to be disregarded. The amendment does not, in our opinion, modify section 2117 of the Code; and the judgment, having been rendered for want of an answer, was not appealable. The circuit court was, therefore, powerless to allow the defendant to file an answer by way of amendment, for, as was said by Mr. Justice BEAN in *Meyer* v. *Edwards*, 31 Or. 23 (48 Pac. 696), "Before there can be an amendment, there must evidently be something to amend."

4. It is insisted that, inasmuch as the action sounds in tort for damages, the appeal was well taken under Hill's Ann. Laws, § 249, Subd. 2, which provides, in substance, that in all actions of this character, if no answer be filed, the court, without the intervention of a jury, shall assess the damages to which the plaintiff is entitled; that the defendant shall not be precluded by reason of his default from offering proof of the damages, and may appeal from the assessment thereof. A default in an action sounding in damages or tort is an admission that plaintiff has a cause of action as alleged, but by reason of that statute defendant is permitted to controvert the *quantum* thereof: *Deane* v. *Willamette Bridge Ry. Co.*, 22 Or. 167 (15 L. R. A. 614, 29 Pac. 440). This, however, must be done in the court in which the action was brought, for, under a statute like ours, which prohibits an appeal from a judgment rendered for want of an answer, the default is tantamount to a consent on the part of the defendant that such court shall assess the damages which are sought to be recovered, and that,

unless he offers proof in mitigation thereof, the judgment in this respect shall be final. If this were not so, a defendant would not be compelled to plead to such actions or to offer any proof in a justice's court; thereby making his default serve the purpose of a plea, and his failure to offer such proof equivalent to a trial, and permitting him to appeal from the assessment of damages. Construing subd. 2 of section 249 and section 2117 of the Code *in pari materia*, we think a defendant who makes default in a justice's court in an action sounding in tort is confined, in offering proof in mitigation of damages, to the court in which the action was commenced, if he would appeal from such assessment, but, the defendant having neglected to offer such proof in this respect, the circuit court properly dismissed the appeal.

5.   But, having proceeded further, and rendered judgment against defendant as in the justice's court, the circuit court was in error : *Fassman* v. *Baumgartner*, 3 Or. 469 ; *Long* v. *Sharp*, 5 Or. 438 ; *State ex rel.* v. *McKinnon*, 8 Or. 485 ; *Neppach* v. *Jordan*, 13 Or. 246 (10 Pac. 341). The judgment will therefore be reversed, and the cause remanded, with instructions to dismiss the appeal.

REVERSED.