Motion to dismiss appeal denied October 10, 1930; argued at
Pendleton May 5; affirmed June 2, 1931

# CURRIER *v.* ANDERSON
(299 P. 704)

*Robt. D. Lytle,* of Vale, for appellant.

No appearance for respondent.

BEAN, C. J. This is an action which originated in
the justice's court for the district of Big Bend, Mal-
heur county, Oregon. Issues were raised by a com-
plaint, answer and reply. Upon the trial the plaintiff
obtained a judgment against the defendant in the sum
of $179, with costs taxed at $35.80. The defendant
appealed to the circuit court, where judgment was
rendered on motion of the appellant to dismiss his
appeal. The judgment recites that after the judgment
in the justice's court, within the time allowed by law,
defendant duly appealed to the circuit court and per-
fected his appeal; "that upon said appeal the defend-
ant executed and filed as a part of said appeal his

bond and undertaking on appeal with Thos. Welsh and Frank Johns, both of Malheur county, Oregon, as sureties thereon, wherein and whereby said sureties undertook and promised that said defendant and appellant would pay all costs and disbursements that might be awarded against the defendant on said appeal, and also further undertook and agreed that said defendant would satisfy any judgment that might be given against him in the appellate court on said appeal."

The circuit court, on motion of appellant, rendered a judgment dismissing the appeal, and adjudged that "plaintiff Robert Currier have and recover of and from the defendant, Fred Anderson, and of and from his said bondsmen Thos. Welsh and Frank Johns, judgment for the sum of $179, together with costs and disbursements in the justice court taxed at $35.80 and costs and disbursements in this circuit court taxed at $16.70."

The defendant appeals from the judgment of the circuit court to this court, assigning error. The main contention of appellant is that the circuit court, not having acquired jurisdiction of the appeal, could not render judgment for plaintiff, it having authority only to dismiss the appeal.

Section 16-411, Oregon Code 1930, relating to actions and proceedings in justices' courts and appeals in civil actions, provides as follows:

"The appellate court may dismiss an appeal from a justice's court if the same be not properly taken and perfected. When an appeal is dismissed the appellate court must give judgment as it was given in the court below, and against the appellant for the costs and disbursements of the appeal. When judgment is given in the appellate court against the appellant, either with

or without the trial of the action, it must also be given against the sureties in his undertaking, according to its nature and effect.''

Plaintiff contends that the ''dismissal'' in the justice's court, after which judgment may be entered, comprehends a decision by the court and not a voluntary dismissal or withdrawal of the appeal by counsel for both appellant and respondent.

Defendant cites the case of *Whipple v. Southern Pacific Co.*, 34 Or. 370 (55 P. 975), where it was held when an appeal from a justice's court was dismissed the only judgment that could be rendered was one of dismissal and not in favor of the appellant as in the justice's court. Since the rendition of that opinion the statute quoted above took effect. That statute added the first sentence, to the law as it formerly stood, which is as follows: ''The appellate court may dismiss an appeal from a justice's court if the same be not properly taken and perfected.'' This describes the condition of the present appeal from the justice's court to the circuit court. Appellant failed to file a transcript within the time provided by law, and the appeal was not properly taken and perfected, as confessed by the defendant's attorney in the circuit court. This section then provides what judgment shall be entered in such cases of dismissal of the appeal from the justice's court, and requires the appellate court to give judgment, as it was given in the court below, or in the justice's court, and against the appellant for costs and disbursements of the appeal. It also provides when judgment is given in the appellate court against the appellant, either with or without the trial of the action, it must also be given against his sureties in his undertaking according thereto. The language of the

act adopted in 1899, we think, was so framed that there would be no question as to what judgment should be entered in the circuit court on an appeal from a justice's court ''if the same be not properly taken and perfected,'' and the appeal is dismissed.

The case of *Whipple v. Southern Pacific Co.*, supra, cited and relied upon by counsel for defendant, was a case commenced in a justice's court and judgment was rendered for want of an answer, and there was no right of appeal, so that no appeal could be taken therefrom in order to give the circuit court jurisdiction. *Fassman v. Baumgartner,* 3 Or. 469, was a case in the circuit court where judgment was rendered as upon failure to answer, and it was held there could be no appeal. Moreover, we think the statute enacted in 1899 changed the rule prevailing before that time.

■ The authority to enter a judgment on the dismissal of appeals from a justice of peace court depends upon the statute. The statutes of many states expressly provide for an entry of such judgment where the appeal is dismissed, as well as on affirmance of the justice's judgment. By signing an undertaking on appeal, the sureties submit themselves to the jurisdiction of the appellate court: 35 C. J. 892, §§ 684, 686 and notes.

■ It was evidently the legislative intent, in the enactment of section 16-411, Oregon Code 1930, to provide where a judgment was rendered after trial of the issues raised in a justice's court and the defeated party appeals to the circuit court and gives an undertaking for a stay of proceedings, that upon the dismissal of the appeal, where it is not properly taken and perfected, the sureties upon the undertaking are responsible for the payment of the judgment entered in the appellate court. The statute practically adopts

the rule prevailing in this court under section 7-507, subd. 3, Oregon Code 1930, (see *Russell v. Smith*, 96 Or. 629, 190 P. 715), and provides that the party against whom judgment is rendered in the justice's court shall not be permitted, by defective proceedings for an appeal, to stay the proceedings until a subsequent term of the circuit court, and thereby perhaps render the judgment of plaintiff uncollectible.

The judgment of the circuit court was entered pursuant to the plain provisions of section 16-411, Oregon Code 1930, and is affirmed.