Argued March 2, affirmed May 11, 1972

DICKSON, *Respondent, v.* HOLLINGER, *Appellant.*

496 P2d 912

*Glenn D. Ramirez,* Klamath Falls, argued the cause for appellant. With him on the briefs were Ramirez & Hoots, Klamath Falls.

*Stuart E. Foster,* Medford, argued the cause for respondent. With him on the brief were Frohnmayer & Deatherage, Medford.

DENECKE, J.

The plaintiff was injured in an automobile collision. In the first trial the jury returned a verdict against the plaintiff; however, upon appeal, we reversed and remanded the cause for a new trial. *Dickson v. Hollinger,* 257 Or 89, 476 P2d 557 (1970). At the second trial the jury found for the plaintiff and the defendant is now the appellant.

The defendant has made 11 assignments of error. We hold they are without merit.

■ The trial court correctly interpreted our decision on the first appeal and removed the defense of contributory negligence as there was no evidence that the plaintiff had actual control of the vehicle driven by her husband. *Eggiman v. Young,* 260 Or 261, 490 P2d 172 (1971), did not change the law as stated in our first opinion in this case.

■ Defendant urges that the plaintiff was charged with personal negligence, not merely imputed negligence, because of her driver's conduct. We agree with this interpretation of the pleadings; however, there was no evidence of personal negligence by the plaintiff.

■ The defendant's charge that there was no evidence of negligence by the defendant overlooks that there was evidence that defendant failed to stop and yield the right of way before entering onto the highway.

■ The defendant's contention regarding damages for lost wages and medical expense is in conflict with the law on "collateral source" as laid down in *Cary v. Burris,* 169 Or 24, 28-29, 127 P2d 126 (1942). See *Peterson v. State Farm Ins. Co.,* 238 Or 106, 114-115, 393 P2d 651 (1964).①

Affirmed.

---

① We are not unaware of the growing criticism of the collateral source rule. Schreiber, Damages in Personal Injury and Wrongful Death Cases, 88 (1965). The 1971 Oregon Legislature changed the posture of part of the problem. Automobile liability insurance policies are required to provide hospital, medical and disability benefits for the insureds. Reimbursement and subrogation rights against the tortfeasor are provided for the insurers. See ORS 743.800 to 743.835.