Argued September 6, affirmed September 26, petition
for rehearing denied October 15, 1974

HOLLINGER ET UX, *Appellants, v.* BLAIR,
*Respondent.*

HOLLINGER ET UX, *Appellants, v.*
DICKSON ET UX, *Respondents.*

526 P2d 1015

*Glenn D. Ramirez,* Klamath Falls, argued the cause

for appellants. With him on the briefs were Ramirez & Hoots, Klamath Falls.

*Stuart E. Foster,* Medford, argued the cause for respondents. With him on the brief were Frohnmayer & Deatherage, Medford.

Before O'Connell, Chief Justice, and McAllister, Holman, Tongue, Bryson* and Sloper, Justices.

TONGUE, J.

These consolidated appeals both involve a previous appeal to the Circuit Court for Klamath County from a judgment of the District Court of that county against plaintiffs and in favor of defendants Dickson in the sum of $1,365.[1] After that appeal to the circuit court had been perfected by the filing of an undertaking and transcript, it was dismissed by that court on January 3, 1972, for want of prosecution.

On September 20, 1973, a transcript of the previous judgment of the district court was filed and docketed in the judgment docket of the circuit court under the provisions of ORS 46.274. Plaintiffs filed in the district court a motion to set aside the docketing of that judgment, which was denied. Plaintiffs then filed in the circuit court a petition for review in which it was alleged that "the said District Court has no jurisdiction in the case, and the case having been dismissed by the Circuit Court, there is no authority for perpetuation of the judgment * * *."

---

* Bryson, J., did not participate in this decision.

[1] For related cases see Dickson v. Hollinger, 257 Or 89, 476 P2d 557 (1970), and Dickson v. Hollinger, 262 Or 113, 496 P2d 912 (1972).

A motion by defendants to quash that petition for review was granted. On the same date the circuit court entered a further and separate judgment in the sum of $1,365 against both plaintiffs and the sureties, after reciting that the previous appeal had been dismissed.

Plaintiffs appeal from that judgment by the circuit court. Plaintiffs also appeal from the order of the circuit court in the separate proceedings arising from plaintiffs' petition for review, in which that court refused to set aside the docketing of the judgment of the district court.

Plaintiffs contend that by the terms of ORS 53.110 the entry by the circuit court of judgment against both the appellants and the sureties on their undertaking on appeal is limited to cases in which appeals from the district court to the circuit court have been dismissed as "not properly taken and perfected." Thus, it is contended that because the appeal to the circuit court in this case was properly taken and perfected and was subsequently dismissed for want of prosecution the provisions of ORS 53.110 for the entry of such a judgment have no application. Plaintiffs cite no authorities in support of this contention and the only case cited by defendants to the contrary is *Simpson v. Prather,* 5 Or 86 (1873).

It is also contended by plaintiffs that upon the appeal to the circuit court of the judgment of the district court and the perfection of that appeal by filing with the clerk of the circuit court a transcript of the proceedings in the district court, the action was then to "be deemed pending and for trial [in the circuit court] as if originally commenced in such court," with jurisdiction to "try it anew," as provided by ORS

53.090, and that upon the dismissal of such a previously perfected appeal the action itself was terminated, including any power of the circuit court to enter judgment under ORS 53.110. For the same reasons, plaintiffs contend that the previous judgment of the district court was nullified and could no longer be docketed in the circuit court.

ORS 53.110 provides as follows:

"The appellate court may dismiss an appeal from a justice's court *if it is not properly taken and perfected.* When *an appeal* is dismissed the appellate court must give judgment as it was given in the court below, and against the appellant for the costs and disbursements of the appeal. When judgment is given in the appellate court against the appellant, either with or without the trial of the action, it must also be given against the sureties in his undertaking, according to its nature and effect." (Emphasis added)

The history of this statute and its predecessor, as construed and applied by this court, is of interest in arriving at a proper application of ORS 53.110 to the facts of this case.

In *Simpson v. Prather, supra,* an appeal from a justice court to a circuit court was dismissed after six months of inaction by the appellant upon the ground that it had been "abandoned," following which judgment was entered by the circuit court against the defendant and the sureties on their undertaking on appeal. This court affirmed the entry of that judgment over the protest by one of the sureties, saying (5 Or at 88) that:

"* * * The respondent claims that the dismissal of the appeal operated as an affirmance of the judgment. As that fact is supplemented by the allegation of the further facts that the time for taking

the appeal had fully elapsed and that the same had been abandoned, we are of opinion that the dismissal operated as an affirmance of the judgment of the court below. * * *"

At that time what is now ORS 53.110 had not been adopted in its present form. It was expressly provided by the previous statute, however, that "if the appeal be abandoned as provided in subdivision 3 of this section" (i.e., by failure to file a transcript of the proceedings in the justice court within the time required by statute), the original judgment or decree could be enforced "against the sureties in the undertaking for a stay of proceedings, as if they were parties to such judgment or decree." Deady and Lane, General Laws of Oregon 1843-72, ch 6, § 531 (4). No reference to that statute was made in *Simpson v. Prather, supra.* Neither does it appear from the opinion in that case whether or not the appeal from the justice court had been "abandoned" by the failure to file in the circuit court a transcript of the proceedings in the justice court.

In *Nurse v. Justus,* 6 Or 75 (1876), although under different facts, this court considered the provisions of the statutes then in effect for appeals from justice courts to circuit courts, including other provisions similar to those of the present ORS 53.090 (cf. Deady and Lane, General Laws of Oregon 1843-72, ch 6, § 536 (3)), and said (6 Or at 76) that such an appeal

"* * * is not a new action, but simply a retrial of an action in an appellate tribunal for the purpose, theoretically, of correcting errors of the inferior court. * * *"

Four years later, in *State of Oregon v. McKinnon,* 8 Or 485 (1880), this court again considered the provisions of the same statutes and held that when

an attempted appeal is defective, the appellate court has no other jurisdiction over the case than to dismiss it without affirming the judgment appealed from. In so holding this court said (8 Or at 486):

"We have examined the authorities cited by the respondent carefully, and find no case among them where it has been held that an order dismissing an appeal for jurisdictional defects amounted to an affirmance of the judgment appealed from, and terminated a party's right to take another appeal within the time fixed by law. They seem to have been cases where the appeal had been perfected, and jurisdiction acquired by the appellate courts, but their prosecution had been abandoned by appellants. (Simpson v. Prather, 5 Or. 86, and cases there cited.)"

In *Whipple v. S.P. Co.*, 34 Or 370, 55 P 975 (1899), this court again held, and again under different facts, that when an appeal from a justice court was dismissed the only judgment that could be rendered was to dismiss the appeal, citing *State of Oregon v. McKinnon, supra,* among other cases holding to the same effect. Shortly after that decision, however, what is now ORS 53.110 was enacted. Oregon Laws 1899, § 49, p 118.

In *Russell v. Smith,* 96 Or 629, 630, 190 P 715 (1920), it was held under that statute that if such an appeal is dismissed for failure to file the transcript within the specified time, "upon such dismissal the judgment may be enforced by the appellate court against the appellant and his sureties."

In *Currier v. Anderson,* 136 Or 440, 299 P 704 (1931), another case in which an appeal from a justice court had also not been properly perfected by the timely filing of a transcript, this court pointed out that

the statute had been amended since its earlier decision in *Whipple v. S.P. Co., supra,* and said (136 Or at 442-44) that:

"*The authority to enter a judgment on the dismissal of appeals from a justice of peace court depends upon the statute.* The statutes of many states expressly provide for an entry of such judgment where the appeal is dismissed, as well as on affirmance of the justice's judgment. *By signing an undertaking on appeal, the sureties submit themselves to the jurisdiction* of the appellate court: 35 C.J. 892, §§ 684, 686 and notes.

"It was evidently the legislative intent, in the enactment of section 16-411, Oregon Code 1930, to provide where a judgment was rendered after trial of the issues raised in a justice's court and the defeated party appeals to the circuit court and gives an undertaking for a stay of proceedings, that upon the dismissal of the appeal, *where it is not properly taken and perfected,* the sureties upon the undertaking are responsible for the payment of the judgment entered in the appellate court. The statute practically adopts the rule prevailing in this court under section 7-507, subd. 3, Oregon Code 1930, (see *Russell v. Smith,* 96 Or. 629, 190 P. 715), and provides that the party against whom judgment is rendered in the justice's court shall not be permitted, *by defective proceedings for an appeal,* to stay the proceedings until a subsequent term of the circuit court, and thereby perhaps render the judgment of plaintiff uncollectible." (Emphasis added)

This case, however, is not a case in which the appeal from the district court to the circuit court was "not properly taken and perfected," so as to result in "defective proceedings for an appeal." On the contrary, the appeal from the district court to the circuit court in this case was properly taken and perfected, both by the filing of an undertaking and also by the

filing of a transcript of the district court proceedings, as required by ORS 53.090.

Thus, the question to be decided is whether, in a case in which an appeal from a district court to a circuit court has been properly taken and perfected, but is subsequently dismissed for want of prosecution, ORS 53.110 authorizes the entry of judgment against both the appellant and his surety. That question has not been previously presented for decision by this court.

In *Currier v. Anderson, supra,* it was held that the authority of the circuit court to enter judgment upon the dismissal of an appeal from a justice court (or from a district court) "depends upon the statute." This is particularly true when entry of judgment is sought against a surety on an undertaking for appeal.

■ The first sentence of ORS 53.110 provides that such an appeal may be dismissed "if it is not properly taken and perfected." This statutory authority to dismiss, of course, is not exclusive, because the courts have the inherent power to dismiss cases for want of prosecution and that power is not based upon any statute. *Longyear, Admx v. Edwards,* 217 Or 314, 318, 342 P2d 762 (1959), and *Reed v. First Nat. Bank of Gardiner,* 194 Or 45, 55, 241 P2d 109 (1952).

Plaintiffs contend that the remaining provisions of ORS 53.110, including those authorizing the circuit court to enter judgment against the appellant and his surety, are limited to cases in which appeals have not been "properly taken and perfected." We disagree.

■ It is one of the "fundamental canons" of statutory construction that a statute shall, if possible, be construed so as to avoid absurd or unreasonable re-

sults. As stated in *Pacific P. & L. v. Tax Com.*, 249 Or 103, 110, 437 P2d 473 (1968):

"* * * [I]t is the duty of the court in construing a statute to ascertain the intention of the Legislature and to refuse to give literal application to language when to do so would produce 'an absurd or unreasonable result,' but, rather, 'to construe the act, if possible, so that it is a reasonable and workable law and not inconsistent with the general policy of the Legislature * * *.' [citing cases]"

Many appeals are abandoned, both before and after the filing of a transcript. To hold, as defendants must necessarily contend, that in the event that an appeal is dismissed because it was abandoned *before* the filing of a transcript of the proceedings of the lower court a judgment must be entered by the circuit court against both the appellant and his sureties, but that if the appeal is dismissed because it was abandoned *after* the filing of such a transcript judgment cannot be entered by the circuit court against either the appellant or his sureties would, in our view, be an absurd and unreasonable result and one not intended by the legislature.

We do not believe that the legislature intended to limit the power of the court to enter such a judgment to only those cases in which appeals are dismissed as "not properly taken and perfected." If the legislature had so intended it could easily have said "when *such* an appeal is dismissed," or "when an appeal is dismissed *for that reason*," the circuit court must enter such a judgment. Instead, the legislature said that "when *an* appeal is dismissed," and without specifying the reasons for dismissal, the Circuit Court must enter such a judgment.

It also appears that the intent of the legislature

in 1899 in the enactment of what is now ORS 53.110 was to confer power on the circuit court to enter judgment against the appellant and his surety in appeals from the justice courts in which this court had previously held that the circuit court had no power to enter such a judgment—namely, in appeals which were "not properly taken and perfected." On the other hand, in appeals which had been properly taken and perfected, so as to confer jurisdiction upon the circuit court, it appears to have been assumed that the circuit court had jurisdiction to enter a judgment of affirmance, and against both the appellant and his surety, upon the abandonment of such an appeal after the appeal had been perfected. See *Simpson v. Prather, supra* at 88; *State of Oregon v. McKinnon, supra* at 486; and *Currier v. Anderson, supra* at 442.

For these reasons, we construe ORS 53.110 as requiring the circuit court to enter such a judgment in cases in which appeals from justice courts or district courts are dismissed for want of prosecution after the filing of an undertaking on the appeal, as in this case.

Having thus held that the circuit court properly entered judgment against plaintiffs and their sureties, it becomes unnecessary to decide whether defendant could also cause the original judgment of the district court to be docketed in the circuit court. Accordingly, the appeal from the order quashing plaintiffs' writ of review is dismissed because the question presented for decision in that appeal has been rendered purely academic, if not moot, by the affirmance of the judgment of the circuit court on the appeal in the principal case. Cf. *Berliner v. Roberts,* 226 Or 369, 360 P2d 539 (1961); and *Oregon-Wash. Co. v. School Dist. No. 25,* 89 Or 7, 10, 173 P 261 (1918).