Argued and submitted January 16, affirmed March 17, 1980

## VORM,
*Petitioner,*

*v.*

## DAVID DOUGLAS SCHOOL
## DISTRICT NO. 40,
*Respondent.*

### (No. CA 15675)

608 P2d 193

Henry H. Drummonds, Eugene, argued the cause for petitioner. With him on the briefs were Jennifer Friesen and Kulongoski, Heid, Durham & Drummonds, Eugene.

Robert L. Dressler, Portland, argued the cause for respondent. With him on the brief were Fred A. Granata, and Dressler and Granata, Portland.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, Chief Judge.*

RICHARDSON, J.

_____

*Schwab, C.J., *vice* Lee, J., deceased.

## RICHARDSON, J.

Petitioner was dismissed as a permanent teacher by the respondent school district on grounds of "inadequate performance." ORS 342.865(1)(g). He appeals from the order of the Fair Dismissal Appeals Board (FDAB) affirming the dismissal. We affirm.

At the outset, the school district argues that the petition for judicial review was not timely and that this court lacks jurisdiction over the appeal. Within 60 days after the service of FDAB's order, petitioner filed a petition for reconsideration or rehearing with the agency. The agency issued an order denying reconsideration or rehearing. Within 60 days after that denial, but more than 60 days after service of the order from which he appeals, petitioner filed his appeal in this court.

At the time of the agency's actions, ORS 183.482(1) provided, in pertinent part:

"* * * Proceedings for review shall be instituted by filing a petition in the Court of Appeals. The petition shall be filed within 60 days only following the date the order upon which the petition is based is served unless otherwise provided by statute. If the agency does not otherwise act, a petition for rehearing or reconsideration shall be deemed denied the 60th day following the date the petition was filed, and in such cases, petition for judicial review shall be filed within 60 days only following such date. * * *"[1]

The school district argues that ORS 183.482(1) enables a party to an agency proceeding to appeal to this court if (1) he files a petition for judicial review in this court within 60 days after service of the agency's order, without having first petitioned the agency for reconsideration or rehearing; or (2) he files a petition for

[1] Oregon Laws 1979, ch 593, § 24 amended ORS 183.482(1) by adding:

"If a petition for rehearing has been filed, then the petition for review shall be filed within 60 days only following the date the order denying the petition for rehearing is served."

The legislative history cited by petitioner indicates that the purpose of the amendment was clarification.

judicial review within 60 days after the agency is *deemed* because of its inaction to have denied his petition for reconsideration or rehearing. According to the school district, the statute does *not* enable a party to appeal more than 60 days after the order is served if his petition for reconsideration or rehearing is *actually* denied by the agency rather than being deemed denied by the passage of time. We disagree.

The obvious purpose of the statute was to allow a party to petition for judicial review of an agency order after he has unsuccessfully sought reconsideration or rehearing by the agency and has not appealed to this court within 60 days following service of the order because his petition for reconsideration or rehearing was pending before the agency. The school district suggests no reason—nor can one be imagined—why the legislature might logically have intended to provide greater appeal rights in cases where an agency overtly denies reconsideration or rehearing than in cases where the denial is inferred from agency inaction. Although the language of the statute lends *some* support to the school district's argument, the courts are enjoined to construe statutes in a manner which avoids absurd or unjust results and in a manner consistent with their constitutionality. *Hollinger v. Blair/Dickson*, 270 Or 46, 526 P2d 1015 (1974); *State v. Smith*, 31 Or App 749, 571 P2d 542 (1977). We conclude that we have jurisdiction, and we turn to the merits.[2]

Petitioner's first two assignments of error are interrelated, and we will consider the second first. Petitioner argues, in essence, that "inadequate performance" is a statutory term which requires interpretation or definition through standards adopted by FDAB or school districts, and that the agency's findings and conclusions relating to the adequacy of a teacher's

---

[2] Various sections of the Fair Dismissal Law were amended by the 1979 legislature. The amendments were not in effect at the time of the proceedings in question, and in the discussion which follows we will consider the relevant statutes as they existed prior to the 1979 legislation.

[228]

performance are insufficient absent the existence of such standards or absent the articulation of the applicable standards in the agency's order. *Cf. McPherson v. Employment Division*, 285 Or 541, 591 P2d 1381 (1979); *Megdal v. Board of Dental Examiners*, 288 Or 293, 605 P2d 273 (1980).

ORS 342.865(2) provides:

"In determining whether the professional performance of a permanent teacher is adequate, consideration shall be given to regular and special evaluation reports prepared in accordance with the policy of the employing school district and to *any written standards of performance which shall have been adopted by the board.*" (Emphasis added.)

ORS 342.815(2) defines "board" as meaning "the board of directors of a fair dismissal school district."

It is therefore clear that the legislature has conferred on school districts the authority, if not the requirement, to adopt "standards of performance" germane to the adequacy of the performance of teachers. Here, the school district has adopted written "performance standards." The standards are part of the district's "Teacher Evaluation Manual," which was in evidence in the FDAB proceeding. We find no error in FDAB's failure to articulate performance standards in its order when there was only one body of standards it *could* have considered or applied to the facts in arriving at its finding that the district had established that petitioner's performance was inadequate.

Under his first assignment of error, petitioner argues that the statement provided him by the school district superintendent was not a "plain and concise statement of the facts relied on to support the statutory grounds for dismissal," as required by ORS 342.895(2). According to petitioner, the statement he received, comprised of sequentially lettered statements of deficiencies with supporting references to his personnel file, did not make it clear whether the stated deficiencies or the file references were the facts relied

on; petitioner argues further that the stated deficiencies were "value judgments" rather than facts.

We do not agree that petitioner could have been misled as to whether the stated deficiencies or the supporting personnel file references were the facts relied on for dismissal. It is obvious that the former were the "facts." As petitioner suggests, the stated deficiencies were conclusory in nature (*e.g.*, "[y]ou have failed to motivate pupils adequately to get them to achieve at their level of ability and potential"). However, the statements were formulated in terms which corresponded generally with the school district's performance standards. Accordingly, they adequately notified petitioner of the facts relied on by the superintendent to support petitioner's dismissal, and complied with ORS 342.895(2).

Petitioner's third assignment is that hearsay evidence of parent complaints, reports of which were included in his personnel file, "*may* have influenced [FDAB's] thinking on the merits." (Emphasis supplied.) Petitioner argues, first, that the reports of the complaints were not properly includable in his personnel file under ORS 342.850 and therefore could not be considered by FDAB consistently with ORS 342.895;[3] and, second, that the complaints were not evidence "of a type commonly relied upon by reasonably prudent persons in conduct of their serious affairs," ORS 183.450, and therefore should not have been admitted and should not have been considered by FDAB in reaching its decision. Petitioner also contends that his constitutional rights were violated by the reception of the hearsay reports, absent his ability to cross-examine the complaining parents. Petitioner does not contend, however, that he was unable to subpoena the

---

[3] ORS 342.895(2) provides, as relevant:

"* * * If the statutory grounds specified are those specified in paragraph (a), (c), (d), (g) or (h) of subsection (1) of ORS 342.865, then evidence shall be limited to those allegations supported by statements in the personnel file of the teacher on the date of the notice to recommend dismissal, maintained as required in ORS 342.850. * * *"

[230]

makers of the reports, or that he was unaware that such reports were included in his personnel file. *Cf.* ORS 342.850(5). *See Matthew v. Juras,* 16 Or App 524, 519 P2d 402, *rev den* (1974).

Our prior decisions are contrary to petitioner's arguments. Assuming *arguendo* that reports of parental complaints are not properly includable in a teacher's personnel file, the reports could nevertheless have been admitted as evidence and considered by FDAB consistently with the Administrative Procedures Act and the Fair Dismissal Law. In *Sch. Dist. No. 48 v. Fair Dis. App. Bd.,* 14 Or App 634, 514 P2d 1114 (1973), we interpreted ORS 342.895(2) as imposing a limitation on the subject matters concerning which evidence can be received, and not as limiting admissibility to statements or other evidence which actually appears in the personnel file. In *Matthew v. Juras, supra,* we concluded that hearsay evidence is admissible in agency proceedings and can, where appropriate, constitute substantial evidence to support a finding. It follows that, to the extent the parental complaints were relevant to the facts relied on to support petitioner's dismissal and were probative of matters supported by other statements in his personnel file, their admission or consideration was not error, whether or not their inclusion in the personnel file was proper.

Petitioner's final assignment of error is that one of the FDAB panel members should have been disqualified, on petitioner's motion, because statements relating to dismissal of teachers were attributed to the panel member in a school administrators' publication. The panel member had prepared a summary of FDAB decisions, which is available to the public, and which was apparently the source of some of the statements in the publication. He also had had discussions about the general subject of teacher dismissal with a school administrator with whom he regularly played tennis. We find nothing in those facts which rendered the

panel member's participation in the proceedings a denial of petitioner's constitutional right to an unbiased tribunal. *Gregg v. Racing Commission,* 38 Or App 19, 588 P2d 1290, *rev den* 286 Or 637 (1979).

Affirmed.