**UNDERWATER STORAGE, INC.,**
Plaintiff,

v.

**UNITED STATES RUBBER COMPANY,**
Defendant.

Civ. A. No. 751–64.

United States District Court,
District of Columbia.

March 17, 1970.

Abraham J. Harris, Washington, D. C., for plaintiff.

Arthur I. Neustadt, Washington, D. C., for defendant.

CORCORAN, District Judge.

## I.

Defendant has moved pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to compel answers to certain questions posed during the deposition of Mr. Sol B. Wiczer.

There are three areas of dispute.

(1) Prior to the initiation of this litigation, Mr. Wiczer, an attorney registered to practice before the Patent Office, performed certain services for the plaintiff relating to the preparation and prosecution of patent applications. Mr. Wiczer refused to answer questions pertaining to these patent solicitation services during the taking of his deposition. His refusal to answer was based solely on the "attorney-client" privilege.

(2) Further, during the course of the litigation the plaintiff's attorney voluntarily produced a document (Exhibit W-1) for inspection by the defendant. This document, a letter from Mr. Wiczer to Dr. Quase, President of plaintiff corporation, had been turned over to the attorney by Dr. Quase. It concerned patent solicitation services performed by Mr. Wiczer for the plaintiff. During his deposition Mr. Wiczer refused to answer any questions involving the letter, again basing his refusal on the "attorney-client" privilege.

(3) Mr. Wiczer also refused to answer questions as to whether he had any interest in the patent or in the outcome of the litigation, again relying on the "attorney-client" privilege.

## II.

The attorney-client privilege has such an effect on the full disclosure of the truth that it must be narrowly construed. Radiant Burners, Inc. v. American Gas Association, 320 F.2d 314,

323 (7th Cir. 1963). The primary qualifications necessary to justify the claim of privilege were aptly set down by Judge Wyzanski in United States v. United Shoe Machinery Corp., 89 F.Supp. 357, 358 (D.Mass.1950).

"The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client."

These qualifications were refined and applied to patent cases by Judge Leahy in Zenith Radio Corp. v. Radio Corp. of America, 121 F.Supp. 792, 794 (D.Del. 1954). Judge Leahy held the term "acting as a lawyer" to be the decisive element in the field of patent law.

"They do not 'act as lawyers' when not primarily engaged in legal activities; when largely concerned with technical aspects of a business or engineering character, or competitive considerations in their companies' constant race for patent proficiency, or the scope of public patents, or even the general application of patent law to developments of their companies and competitors; when making initial office preparatory determinations of patentability based on inventor's information, prior art, or legal tests for invention and novelty; when drafting or comparing patent specifications and claims; when preparing the application for letters patent or amendments thereto and prosecuting same in the Patent Office; when handling interference proceedings in the Patent Office concerning patent applications. * * * These are not hallmark activities of attorneys. Patent solicitors, agents, and other non-lawyers may practice before the Patent Office."

■ Judge Kaufman in Georgia Pacific Plywood Co. v. United States Plywood Corp., 18 F.R.D. 463, 464 (S.D.N.Y. 1956) summarizing Judge Leahy gave the most succinct definition to date:

"Communications dealing exclusively with the solicitation or giving of business advice, or with the technical engineering aspects of patent procurement or with any other matters which may as easily be handled by laymen are not privileged."

■ From a detailed examination of the questions [1] in issue here it is clear that they concern the patent solicitation activities of Mr. Wiczer. These activities included, *inter alia*, determining patentability, drafting patent specifications, preparing and processing applications before the Patent Office. No privilege attached to this type of activity. He was not giving legal advice in the accepted sense but was merely performing tasks which could as easily have been done by non-lawyers.

### III.

■ The document in question, a letter from Mr. Wiczer to Dr. Quase, was presented by the plaintiff pursuant to a consent order for examination by the de-

[1]. As examples of some of the questions objected to the Court cites the following:
"Mr. Wiczer, did you in 1963 conduct a search of all U.S. Rubber and Hanna Construction Co. patents for Dr. Quase? * * * On the basis of what information did you prepare that patent application? * * * Did you receive a written disclosure of the invention in order to prepare that patent application?" Deposition of Sol B. Wiczer, filed January 5, 1970 at 22, 27.

fendant. The plaintiff now claims that the production was inadvertent and involuntary or if it is deemed voluntary that the privilege is waived only as to the piece of paper but nothing else. This is an untenable position. The plaintiff turned over to his attorney the documents to be produced. This letter was among them. The Court will not look behind this objective fact to determine whether the plaintiff really intended to have the letter examined. Nor will the Court hold that the inadvertence of counsel is not chargeable to his client. Once the document was produced for inspection, it entered the public domain. Its confidentiality was breached thereby destroying the basis for the continued existence of the privilege.

"[W]here the policy underlying the rule can no longer be served, it would amount to no more than mechanical obedience to a formula to continue to recognize it." United States v. Kelsey-Hayes Wheel Co., 15 F.R.D. 461, 465 (E.D.Mich.1954). Any privilege that may have attached to the document was destroyed by the voluntary act of disclosure. D'Ippolito v. Cities Service Co., 39 F.R.D. 610 (S.D.N.Y.1965).

### IV.

The plaintiff in his deposition indicated he might call Mr. Wiczer as an expert witness. If he is called the defendant is within bounds to attempt to attack him on grounds of bias. In Mr. Wiczer's deposition defendant tried to determine whether Mr. Wiczer had any financial or proprietary interest in the patent or in the outcome of the lawsuit. He refused to answer on grounds of attorney-client privilege. Any interest he has in the patent or lawsuit would certainly affect the credibility of his testimony. There has been no showing of attorney-client privilege nor could any attach in these circumstances.

### V.

Defendant's motion is granted.