**In the Matter of Grand Jury Subpoena served upon Saul L. VICTOR, Esq.**

**In the Matter of Grand Jury Subpoena served upon Robert HOFFMAN, Esq.**

**No. M–11–188.**

United States District Court,
S. D. New York.

Nov. 8, 1976.

Saul L. Victor, pro se.

Robert Hoffman, pro se.

Robert B. Fiske, U. S. Atty., S. D. N. Y., New York City, for the Government; Howard S. Sussman, Asst. U. S. Atty., New York City, of counsel.

MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Presently pending are two cases which arrived in this Court by different routes,

but in the same postures. Both Saul L. Victor, Esq., and Robert Hoffman, Esq., are attorneys who seek to avoid production of certain documents pursuant to subpoenas duces tecum requiring each to produce before a federal grand jury all documents referring or relating to Joseph E. and Susan Kassab Zeitoune, Joseph E. Zeitoune, Inc., Selgina Electronics, Inc., "or any officer, director, agent, employee, attorney, representative of any kind, or relative by blood or by marriage of any of the foregoing."

Mr. Victor has moved to quash the subpoena; Mr. Hoffman has refused to comply with it and the government has moved to enforce it.

The arguments advanced by both are that they would be breaching certain ethical considerations, particularly the Code of Professional Responsibility, by turning over these documents since the documents were obtained in the confidentiality of the attorney-client privilege. It is claimed that this privilege extends not only to the individuals named but also to the corporations. At the outset it should be noted that the subpoenas are very broad in scope; because of this they will require consideration of each and every one of the articles demanded.

Turning first to Mr. Victor's motion, it appears that Mr. Victor was retained by the Zeitounes in November 1973 in connection with an arbitration matter and a dispossess proceeding, as well as possible consultation with regard to the financial condition of the companies involved and a proposed loan. He was furnished with information and documents relating to these transactions.

In December 1973, after learning that the Zeitounes apparently had retained another attorney to replace him, Mr. Victor returned some of the documents to them. Approximately a week later the documents were found lying "in a public hall" outside his office. It would appear that Mr. Victor had no contact with the Zeitounes since that incident except that he was advised by a Lebanese attorney purporting to act on the Zeitounes' behalf in 1973.*

Since December 1973, Mr. Victor apparently has had no contact whatsoever with the Zeitounes. In June 1976, he did, however, receive a grand jury subpoena requesting that he produce certain documents in connection with the Zeitounes. Apparently, Mr. Victor has attempted to contact these people in Lebanon, as a responsible attorney would do, and has been totally unsuccessful in his attempts to contact either the Zeitounes or their Lebanese attorney with regard to the subpoena. Since Mr. Victor was retained as an attorney and feels bound by the Canons of Professional Ethics, he believes that this Court should rule upon his claim of attorney-client privilege even though he has been unable to contact either his clients or their international attorney. In so doing, he has proceeded correctly.

 It is clear that in order for a communication to be privileged it must have been "made in confidence" and "maintained in confidence." *In re Horowitz*, 482 F.2d 72 (2d Cir. 1973). As to those documents delivered to Mr. Victor, re-delivered to Mr. Zeitoune, and then re-delivered to the attorney "in the public hallway," any claim of privilege is untenable. By placing the documents in the public hallway outside of Mr. Victor's office, the privilege which might have theretofore existed with respect to these papers was totally destroyed. In such a circumstance it certainly could not be said that the client expected these papers to be kept from the eyes of third parties. If the cleaning woman, the watchman or any casual visitor might have rummaged through these documents, apparently with the consent of those being investigated, I assume that the Grand Jury is also entitled to rummage through the documents.

 As to Mr. Victor's claim of privilege and as to the remaining documents and Mr. Hoffman's broad-based claim, which I consider jointly at this point, the burden of

---

* The Communications between the two attorneys are totally unnecessary to this record since it seems that they would be without the scope of competent evidence to be presented to the Grand Jury.

establishing the elements of privilege is on the person asserting them. *United States v. Kovel,* 296 F.2d 918, 923 (2d Cir. 1961). Notwithstanding this burden, the privilege is unavailable if the client himself would be compelled to produce the documentation required.

 The mere deposit with an attorney of documents does not in and of itself cloak them with the attorney-client privilege. If certain documents deposited with an attorney would be required of the client, then certainly they are required of the attorney. The inter-position of an attorney in any lawsuit does not change the position of the parties. *See Falsone v. U. S.,* 205 F.2d 734 (5th Cir. 1953); Wigmore, *Evidence,* § 2307 (McMillan revision).

Certain documents may indeed be privileged, but without seeing them I cannot determine the issue. It is possible that an opinion letter such as that called for by the subpoenas might be privileged since many attorneys set forth therein facts which they have ascertained from their clients in confidence before rendering their opinion. Unfortunately, I am without knowledge of what this type of document might show.

That both the petitioner, Mr. Victor, and the other attorney involved herein have basically asserted that the material in their respective possessions is privileged does not make it so. Neither has described such documents. It is totally conceivable that the papers requested may consist of mere corporate records and reports, to which no privilege attaches. (For a full discussion of this area see *United States v. International Business Machines Corporation,* 66 F.R.D. 206, S.D.N.Y. (1974)—wherein the Chief Judge of this district set forth the basic guidelines in this area.) No showing of confidentiality has been made by either the petition of Mr. Victor or the reluctance of his co-petitioner; no assertions as to the absence of third persons at the time of delivery have been advanced. Both petitioners (assuming that Mr. Hoffman is a petitioner) have failed in their burden of establishing the existence of privilege. I

have for that reason considered seriously ordering the enforcement of the subpoenas forthwith.

However, in the interest of protecting the rights of the clients involved, I must direct that those documents which are truly the subject of a valid privilege claim, to be handed up for an *in camera* inspection as to their nature. After which review I will be in a position to decide the respective motions.

At that time I will also ascertain whether costs should be imposed as against any party.

IT IS SO ORDERED.