STATE OF OREGON,
*Appellant,*
*v.*
SHAWN ROBERT McGREW,
*Respondent.*

(No. C77-08-11378, CA 15454)

610 P2d 1245

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Richard M. Rogers, Portland, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

The state appeals from the order of the trial court granting defendant's motion to suppress the testimony of two doctors who examined defendant at the request of defense counsel prior to defendant's remand from juvenile court. We affirm.

At the time of the murder for which defendant is charged, defendant was a juvenile. Proceedings were initiated to remand defendant to the adult court. At that time the two doctors, a psychiatrist and a psychologist, were appointed to aid defense counsel in the investigation, preparation and presentation of the remand proceedings in juvenile court. Although remand to adult court was initially denied, on rehearing remand was granted and defendant was convicted of murder. That conviction was reversed by this court,[1] which remanded the case for a new trial. In anticipation of the retrial the state indicated its intention of calling Dr. Turco and Dr. Myers, who had examined defendant for defense counsel. The trial court's suppression of that testimony on the ground that it was protected by the attorney-client privilege is the subject of this appeal.

When defendant was requested by his attorney to talk to each of the two doctors appointed to aid in the preparation for the remand proceedings, he was told that he should be completely candid and honest and that whatever he said would be confidential. Defendant made incriminating statements during both interviews. Those statements are repeated in the evaluative reports given by the doctors and addressed to defense counsel.

The record does not disclose that either of the doctors testified or that their reports were offered in the first remand hearing. Remand was denied. Thereafter, and in anticipation of handling the disposition of

---

[1] *State v. McGrew,* 38 Or App 493, 590 P2d 755, *rev den, cert den* (1979). The admission of certain incriminating statements made by defendant to the police was held to have been reversible error.

[125]

defendant within the juvenile system, one of defendant's attorneys turned over to the deputy district attorney handling defendant's case in the juvenile court the evaluative material on defendant. The reports of Drs. Turco and Myers were turned over, without defendant's knowledge, along with other material.

On the basis of Dr. Turco's report and other information the state moved for a rehearing on the issue of remand to adult court. The record on appeal does not contain a transcript of the second remand hearing and that transcript was not introduced at the suppression hearing. Although counsel agree that Dr. Myers was called as a witness by defendant at the second remand hearing, there is no indication of the substance of his testimony. The state attempted to introduce Dr. Turco's report at the second remand hearing but it was excluded. It appears that the attorney-client privilege was not raised as a basis for excluding Dr. Turco's report, but that it was held inadmissible on some other ground.

As a result of the second remand hearing, defendant was tried in the adult court and was convicted. The state did not use, or attempt to use, either the reports or the testimony of either doctor at defendant's first trial, but now seek to call both doctors at the new trial.

The state does not contend that the statements made by defendant to the doctors were not within the attorney-client privilege,[2] but argues that defendant

---

[2] ORS 44.040(1)(b) provides:

"An attorney shall not, without the consent of the client, be examined as to any communication made by the client to the attorney, or the advice given by the attorney thereon, in the course of professional employment."

It has been held that communications made to the attorney through other professionals engaged to aid the attorney also come within this privilege. *See, e. g., Nielsen v. Brown,* 232 Or 426, 374 P2d 896 (1962); *Brink et ux v. Multnomah County,* 224 Or 507, 356 P2d 536 (1960); *City & County of S. F. v. Superior Court,* 37 Cal 2d 227, 231 P2d 26, 25 AL2d 1418 (1951); 8 Wigmore, *Evidence* § 2317 (McNaughton rev 1961).

waived that privilege in the course of events that followed the first remand hearing. We find that no waiver has been shown.

It is uncontested here that defendant was not aware of his attorney's action at the time the reports were turned over to the deputy district attorney and did not authorize that action. *See Stark Street Properties v. Teufel,* 277 Or 649, 562 P2d 531 (1977). The fact that defendant's attorney turned the reports of the two doctors over to a third person without defendant's knowledge or consent does not constitute a waiver of defendant's privilege. The attorney-client privilege

"* * * is for [the client's] protection and advantage and it is one which he alone is authorized to waive. Therefore [a confidential communication does] not lose its privileged character and become competent evidence against the [client] simply because it had passed from the possession of his counsel * * * and into the hands of a third party, regardless of how such change of possession may have occurred. * * *" *Bryant v. Dukehart,* 106 Or 359, 363-64, 210 P 454 (1923).

*See* 8 Wigmore, *Evidence,* § 2327 (McNaughton rev 1961).

The state, however, contends that defendant's subsequent failure to assert the privilege on two occasions constituted a waiver by implication. As to Dr. Myers, the state argues that the fact that he was called to testify on behalf of defendant at the second remand hearing constituted a waiver of the privilege as to his testimony at any future proceeding. The record does not support that broad conclusion.

Both parties agree that Dr. Myers testified at the second remand hearing. We will assume, notwithstanding the lack of a supporting record, that defendant was present at the time that testimony was adduced and had an opportunity to assert his privilege. Nevertheless, those facts alone do not support a waiver. We have no record or other indication of the *substance* of Dr. Myers' testimony. Although calling a

witness whose testimony would otherwise be privileged may constitute a waiver, *State ex rel Juv. Dept. v. Brown,* 19 Or App 427, 528 P2d 569 (1974), *rev den, cert den* 421 US 1003 (1975), the waiver of the privilege is co-extensive with the subject matter of the testimony elicited. *See State v. Sullivan,* 230 Or 136, 368 P2d 81, *cert den* 370 US 957 (1962); *Triplett v. Bd. of Social Protection,* 19 Or App 408, 528 P2d 563 (1974). With no indication of the subject matter of the testimony we cannot say that there was a waiver of the privilege as to any particular subject matter.[3]

The state also contends that defendant waived his privilege as to Dr. Turco's testimony because the privilege was not asserted when the state attempted to introduce Dr. Turco's report at the second remand hearing. Although a privilege may be waived by a failure to object to the revelation or use of the privileged communication, McCormick, *Evidence,* § 93 (2d ed 1972); *Triplett v. Bd. of Social Protection, supra,* the privileged report here was already in the hands of the state when the second remand hearing was held and nothing defendant could have said would have changed that fact. When the report was offered by the state defendant's objection on other grounds was sustained and there was no reason to require defendant to pursue the matter by asserting his privilege as a basis for exclusion. *See United States v. Jacobs,* 322 F Supp 1299 (CD Cal 1971).

Defendant did not waive his attorney-client privilege as to either doctor and his motion to suppress was properly granted.

Affirmed.

---

[3] It may be that ORS 419.567, requiring that the record in juvenile cases be kept confidential, would prohibit the use by the state of Dr. Myers' testimony given in a juvenile court proceeding in a later suppression hearing in adult court in any event.