**In re HOWARD INDUSTRIES, INC., Debtor-In-Possession.**

**The B.F. GOODRICH COMPANY, Plaintiff,**

**v.**

**HOWARD INDUSTRIES, INC., Defendant.**

**Bankruptcy No. 81–07175. Adv. No. 84–0072.**

United States Bankruptcy Court, D. New Jersey.

Nov. 6, 1986.

John J. McLaughlin & Associates, Millburn, N.J. by John J. McLaughlin, for plaintiff.

Meth, Nagel, Rice & Woehling, West Orange, N.J., by Lisa F. Chrystal, for defendant.

## OPINION

WILLIAM H. GINDIN, Bankruptcy Judge.

This matter arises as a result of a motion by the plaintiff to suppress the use of a privileged document.

The facts are simple. The plaintiff employs in-house corporate counsel. On January 3, 1984, the corporate counsel, one Gail Cudak, wrote a memorandum to an employee of the plaintiff corporation. The memorandum contained her legal opinion and advice regarding the termination of the agreement which is the subject matter of the within action. In addition, carbon copies of the memorandum were sent to two other employees.

During the course of discovery, many documents were exchanged at the office of local counsel for the plaintiff. The document in question was apparently in the employee file of one of the persons who received a copy. Furthermore, the memorandum was referred to in the deposition testimony of a former employee. The file in question was voluntarily turned over to local counsel and local counsel voluntarily turned the file over to counsel for the defendants.

Some time after the memorandum was turned over, counsel for the defendant sought to use same in the course of deposition testimony. Counsel then realized for the first time that the defendant had possession of the document. Local counsel contends that the memorandum contains privileged information and was turned over to the defendant through inadvertence.

For the purposes of the motion and the determination thereof, it may be assumed that all persons who had possession of the memorandum were persons who might be considered as those "with authority to control or substantially participate in decisions made on the basis of legal advice". Furthermore, it is assumed for the purpose of this determination that the material reached the hands of the defendant totally and completely through inadvertence and had either in-house counsel or local counsel been aware of its presence in the file, it would have removed it from the file and counsel would have sought to exclude production of it.

There is an essential tension between the attorney-client privilege and the requirements of full disclosure of the facts. That conflict is recognized both in the State (*In Re Selser*, 15 N.J. 393, 405, 105 A.2d 395 (1954)) and in the Federal Courts (*U.S. v. Mierzwicki*, 500 F.Supp. 1331, 1334 (D.Md.1980)). Where the two principles run into conflict, the Courts have held that the privilege must be construed narrowly.

Thus the burden of showing that the attorney-client privilege should be invoked rests upon him who asserts it. *Ex parte Martin*, 141 Ohio St. 87, 47 N.E.2d 388 (1943). The limits of the privilege have been dealt with on a very narrow basis. *Underwater Storage, Inc. v. United States Rubber Co.*, 314 F.Supp. 546 (D.D.C.1970).

The general principle of the attorney-client privilege is set forth in *Wigmore:*

(1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived.

VII *Wigmore*, Evidence § 2292 (McNaughton rev. ed. 1961).

Clearly in the instant case, but for the issue of whether or not protection was waived, the privilege would apply. Ordinarily, waiver is an intentional abandonment of a known right. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Such a waiver, however, assumes as in *Johnson* that it applies where the single assertion of the privilege is sufficient to maintain it. In the case where the attorney-client privilege is asserted with respect to document production, the courts have placed an additional requirement with respect to waiver. The privilege must not only be asserted, it must be *maintained.* In *Matter of Victor*, 422 F.Supp. 475 (S.D. N.Y.1976) the Court, relying on *In Re Horowitz*, 482 F.2d 72 (2d Cir.1973) insisted that the attorney-client privilege must not only be made in confidence but it must be maintained in confidence. In *Horowitz*, Circuit Judge Friendly in a full and complete exposition stated:

It must be emphasized that it is vital to a claim of privilege that the communications between client and attorney were made in confidence and have been maintained in confidence.

482 F.2d 81–82.

 While it is clear that in the instant case the communication was made in confi-

dence it is equally clear that it was not maintained in confidence. Inadvertence is simply not an excuse in a case of this nature. *Sew 'n Sweep, Inc. v. Swiss-Bernina, Inc.*, 91 F.R.D. 254 (N.D.Ill.1981). The Court held that where the defendant disposed of documents in a trash dumpster located in the parking lot of the office building and the plaintiff searched through the trash to find the questioned documents, the defendants had not maintained the requisite confidentiality required to assert the privilege. There had been a waiver and discovery was permitted. The mere fact that one did not intend to waive any privilege is not sufficient to find waiver. In *Weil v. Investment/Indicators, Research and Management*, 647 F.2d 18 (9th Cir. 1981) the Court relied on the principle that the attorney-client privilege must be strictly construed because it impedes full and free discovery of the truth. It determined that voluntary disclosure of one aspect of the communication waived privileges to all other communications on the same subject. 647 F.2d 24.

*TransAmerica Computer v. International Business Machines*, 573 F.2d 646 (9th Cir.1978) the Ninth Circuit held that where documents were disclosed in unrelated litigation through inadvertence, the privilege could not be asserted in the subject litigation. Circuit Judge Waterman outlined the legal theory when he stated:

[W]e note, first of all that the parties initially addressed the issues of whether a party having no subjective intention of waiving the attorney-client privilege may nonetheless waive that privilege if he produces privileged documents which he would not have produced had he realized their privileged status.

... a party certainly cannot effectively waive a *constitutional* right without knowledge on his part that he possesses such a right, the attorney-client privilege, being "a mere evidentiary privilege," is so easily waived that it may be waived by a party who, though not desiring to

waive the privilege, none the less voluntarily produces or allows examination of privileged documents because at the moment he produces them he is unaware that they are, in fact, privileged documents.

573 F.2d 650.

Applying the authority and the legal theory of *TransAmerica* other cases have reached the same conclusion. *Weil v. Investment/Indicators, supra, Mierzwicki, supra,* and *Suburban Sew 'n Sweep, supra,* are examples of inadvertent disclosure.

 Accordingly, it is determined that the attorney-client privilege requires that such privilege be maintained as well as asserted and that at best it is a fragile, easily waivable right with no presumption of its continuance and one required to be strictly construed within the narrowest possible limits. *Duplan Corporation v. Deering Milliken, Inc.* 397 F.Supp. 1146, 1162, 1163 (D.S.C.1975).

Based upon the foregoing the Motion to Suppress is denied.

Defendant shall submit an order accordingly.