Argued and submitted October 22, 1990, affirmed February 6, reconsideration denied May 1, petition for review allowed June 20, 1991 (311 Or 432)

Vicki C. GOLDSBOROUGH,
*Respondent,*

*v.*

EAGLE CREST PARTNERS, LTD.,
and Eagle Crest Partners, Ltd. & Affiliates,
*Appellants.*

(88-CV-0240-MS; CA A61979)

805 P2d 723

Gregory P. Lynch, Bend, argued the cause for appellants. With him on the brief was Gray, Fancher, Holmes, Hurley, Bryant & Lovlien, Bend.

David Jensen, Eugene, argued the cause for respondent. On the brief were Kenneth B. Elmore and Jensen, Fadeley & Elmore, Eugene.

Before Warren, Presiding Judge, and Riggs and Rossman, Judges.

RIGGS, J.

## RIGGS, J.

Plaintiff was discharged from her employment in retaliation for filing an administrative complaint for sexual harassment, in violation of ORS 659.030(1)(f). She prevailed at trial on her claims for unlawful employment practices and wrongful discharge. Defendant[1] assigns error to the trial court's denial of its motion for a directed verdict on the common law wrongful discharge claim, to the admission in evidence of a privileged letter and to the denial of its motion for a new trial. We affirm.[2]

■   Defendant argues first that the trial court erred in denying its motion for a directed verdict, because the legal and equitable remedies provided under ORS 659.121 are "comprehensive and were undoubtedly intended by the legislature to be exclusive." It contends that, because both plaintiff's statutory and common law claims are predicated on the same allegations of retaliatory discharge, she is limited to the statutory remedy and cannot recover in a claim for common law wrongful discharge.

Defendant is wrong. The Supreme Court addressed the precise question in *Holien v. Sears, Roebuck and Co.,* 298 Or 76, 689 P2d 1292 (1984), and concluded that the statutory remedy is not exclusive. An employer's discharge of an employee for her resistance to sexual demands or harassment by a supervisor is an actionable tort that may co-exist with a statutory claim for employment discrimination. 298 Or at 96-97. The court observed that the remedies available under ORS 659.121

> "fail to capture the personal nature of the injury done to a wrongfully discharged employee * * * and fail to appreciate the relevant dimensions of the problem. Reinstatement, back pay and injunctions vindicate the rights of the victimized group without compensating the plaintiff for such personal injuries as anguish, physical symptoms of stress, a sense of degradation, and the cost of psychiatric care. Legal as well as equitable remedies are needed to make the plaintiff whole." 298 Or at 97. (Citations omitted.)

---

[1] For clarity, we refer to defendants Eagle Crest Partners, Ltd., and Eagle Crest Partners, Ltd. & Affiliates, as defendant.

[2] This is a companion case to *Swanson v. Eagle Crest Partners, Ltd.,* 105 Or App 506, 805 P2d 727 (1991).

The trial court did not err in denying defendant's motion for directed verdict.[3]

■ Defendant's next assignment concerns the trial court's admission of a letter from defendant to its attorney, which defendant argues was a confidential communication that is protected by the attorney-client privilege. OEC 503.

On September 15, 1988, plaintiff requested production, pursuant to ORCP 43, of "any and all files regarding plaintiff, [including] but * * * not limited to any personnel files, compensation files, and unemployment files." Defendant did not object to plaintiff's request for production nor did it file a motion to limit the extent of discovery requested. ORCP 43B. Instead, defendant, through its attorney, complied with the request and produced documents that included a letter written to its attorney by defendant's personnel director. At the trial, on June 26, 1989, plaintiff offered the letter, and defendant for the first time objected, claiming the attorney-client privilege. Plaintiff responded that defendant had waived the privilege by voluntarily disclosing the letter at a discovery deposition.[4] Defendant conceded that it had disclosed the letter, but maintained that there was no waiver. The trial judge concluded that the privilege had been waived, because the letter was voluntarily disclosed.

Defendant makes two arguments. First, it contends that waiver requires the "intentional relinquishment" of a known right and that it had no such intention here. *See Legislative Commentary* to OEC 503 and 511, quoted in Kirkpatrick, *Oregon Evidence* 215, 282-83 (2d ed 1989). Second, it argues that, because the *client* holds the privilege, without "specific evidence of the client's knowledge and consent to the disclosure, there can be no waiver * * *."[5] We reject both

---

[3] In *Farrimond v. Louisana-Pacific Corp.*, 103 Or App 563, 798 P2d 697 (1990), we concluded that the plaintiff's statutory remedy for being terminated in retaliation for filing a workers' compensation claim was adequate, because ORS 659.121(1) and (2) applied. Here, however, only subsection (1) applies.

[4] After informing the trial court that defendant turned over the letter voluntarily, plaintiff's counsel stated "[i]n fact, there was colloquy about it because I was surprised that it was done." There is nothing more in the record about that colloquy.

[5] Defendant's reliance on *State v. McGrew*, 46 Or App 123, 610 P2d 1245, *rev den* 289 Or 587 (1980), is misplaced, because in that case it was "uncontested" that the defendant was unaware of and did not authorize his attorney's disclosure of the documents in question. Also, unlike in *McGrew*, a criminal case, defendant here had an opportunity to object to plaintiff's discovery requests under ORCP 36C and ORCP 43B.

arguments and conclude that defendant waived the privilege by voluntarily producing the document.

Defendant has the burden to show that the letter was privileged and that it did not waive the privilege. *Weil v. Inv./ Indicators, Research & Management, Inc.*, 647 F2d 18, 25 (9th Cir 1981); *State v. Moore*, 45 Or App 837, 609 P2d 866 (1980); Kirkpatrick, *supra*, at 233. Defendant concedes that it voluntarily disclosed the document. Nonetheless, it argues that disclosure did not result in a waiver, because it did not "intentionally relinquish" the attorney-client privilege.

Although we find no Oregon cases on point, the substantial weight of federal authority supports the proposition that voluntary production of a document in response to a request for production under FRCP 34 waives the attorney-client privilege. *See, e.g., In re Grand Jury Investigation of Ocean Transp.*, 604 F2d 672 (DC Cir), *cert den* 444 US 915 (1979); *Liggett v. Brown & Williamson Tobacco Corp.*, 116 FRD 205, 207 (MDNC 1986); *O'Leary v. Purcell Co.*, 108 FRD 641, 646 (MDNC 1985); *Underwater Storage, Inc. v. United States Rubber Co.*, 314 F Supp 546 (DDC 1970); McCormick, *Evidence* § 93, 194 n 14 (E. Cleary 2d ed 1972).

> "Ordinarily, documents produced by a party in litigation may not be 'recalled' by a later claim of privilege, since any claim of privilege is generally waived by production in litigation pursuant to Rule 34." *Liggett Group v. Brown & Williamson Tobacco Corp., supra,* 116 FRD at 207. (Citations omitted.)

■ ■ Because FRCP 34 is nearly identical to ORCP 43, cases interpreting the federal rule are persuasive. Defendant has not shown why it should not be bound by the general principle that voluntary disclosure constitutes a waiver. It does not argue, and has not tried to establish, that its disclosure was mistaken or inadvertent. *See Transamerica Computer Co., Inc. v. International Business Machines Corp.*, 573 F2d 646 (9th Cir 1978); *Lois Sportswear USA, Inc. v. Levi Strauss & Co.*, 104 FRD 103 (SDNY 1985). Defendant's only contention is that it did not intend to waive the privilege when it handed plaintiff the letter. However, waiver does not require a *subjectively* intended act. It may be recognized by implication. *Weil v. Inv./Indicators, Research & Management, Inc., supra,* 647 F2d at 24; *Liggett Group v. Brown & Williamson*

*Tobacco Corp., supra,* 116 FRD at 208;[6] *O'Leary v. Purcell Co., supra,* 108 FRD at 646; *see also* 8 Wigmore, *Evidence,* § 2292, 554 (McNaughton rev 1961). We conclude that intent to waive may be inferred from disclosure of privileged materials during discovery, despite the disclosing party's later claim that the waiver was not intended. We reject defendant's contention that waiver must be express to be effective. *Weil v. Inv./Indicators, Research & Management, Inc., supra,* 647 F2d at 24. The privilege was waived.[7]

■■ We are also unpersuaded by defendant's second argument that, because the client, not the attorney, is the holder of the privilege, there must be "specific evidence of authorization" in order to find that counsel's disclosure of a document is a waiver. Although defendant is correct that the attorney-client privilege belongs to the client, OEC 503(3), an attorney is presumed to have the authority to claim or waive the privilege on the client's behalf. OEC 503; *see also Perrignon v. Bergen Brunswig Corp.,* 77 FRD 455, 460 (ND Cal 1978). The presumption may be rebutted by evidence that the attorney did not have that authority. Defendant offered no such evidence. Its bare assertion that its counsel's disclosure of the letter was without its consent is not enough.

There is no requirement that a client expressly consent to waive the privilege. Counsel had authority to act on defendant's behalf when it produced documents in response to

---

[6] Quoting language from Wigmore, the court in *Liggett Group v. Brown & Williamson Tobacco Corp., supra,* 116 FRD at 208, said:

"It would, after all, be an unusual case in which any person released a document for the *purpose* of surrendering a recognized right. That point has been made by numerous courts." (Emphasis in original.)

Wigmore states:

"A privileged person would seldom be found to waive, if his intention not to abandon could alone control the situation. There is always the objective consideration that when his conduct touches a certain point of disclosure, fairness requires that his *privilege shall cease whether he intended that result or not.*" 8 Wigmore, *Evidence,* § 2327 (McNaughton rev. 1961). (Emphasis supplied.)

[7] In *Weil v. Inv./Indicators, Research & Management, supra,* the court said:

"Indeed, when, as here, the privileged communication is voluntarily disclosed without objection by the asserting party's counsel and in the absence of surprise or deception by opposing counsel, it may be unnecessary to look beyond the objective fact of disclosure in ruling on the question of waiver. *See Underwater Storage Co. v. United States Rubber Co., supra,* 314 F Supp 548-49; McCormick, *supra,* § 93, at 194 & n 14, 196-97." 647 F2d at 25 n 13.

plaintiff's request. Wigmore, *supra*, § 2325 at 633; *see also Klang v. Shell Oil Co.*, 17 Cal App 3d 933, 95 Cal Rptr 265 (1971). Counsel voluntarily disclosed the letter during discovery, and defendant is bound by that disclosure. *Underwater Storage, Inc., v. United States Rubber Co., supra*, 314 F Supp at 548.

Defendant's third assignment of error challenges the trial court's denial of its motion for a new trial. Because that assignment is the equivalent of the second assignment, we need not address it separately.

Affirmed.