# Peggy Ann SWANSON,
*Respondent,*

*v.*

# EAGLE CREST PARTNERS, LTD.,
and Eagle Crest Partners, Ltd. & Affiliates,
*Appellants.*

## (88-CV-0116-WE; CA A61482)

805 P2d 727

Gregory P. Lynch, Bend, argued the cause for appellants. With him on the briefs was Gray, Fancher, Holmes, Hurley, Bryant & Lovlien, Bend.

David Jensen, Eugene, argued the cause for respondent. On the brief were Kenneth B. Elmore and Jensen, Fadeley & Elmore, Eugene.

Before Warren, Presiding Judge, and Riggs and Rossman, Judges.

RIGGS, J.

**RIGGS, J.**

Plaintiff brought this action against her employer for unlawful employment practices under ORS 659.030(1) and ORS 659.121(1) and for the common law tort of wrongful discharge. Defendant appeals from a judgment for plaintiff. We affirm.[1]

■ Defendant's[2] arguments in support of its first two assignments of error are consolidated in its brief, and we address them together. Defendant first assigns error to the trial court's denial of its motion, made at the close of the evidence, to dismiss plaintiff's statutory claim. It also assigns error to entry of judgment in plaintiff's favor on that claim. Defendant argues that plaintiff's allegations fail to state ultimate facts sufficient to constitute a claim under ORS 659.030 or ORS 659.121. Citing *Holien v. Sears, Roebuck and Co.,* 298 Or 76, 689 P2d 1292 (1984), defendant contends that

"[p]laintiff's statutory claim and the court's finding and judgment entered thereon were not for alleged discriminatory harassment, but for allegedly being discharged for resisting it. What is discriminatory under the statute * * * is on the job harassment, not plaintiff's discharge for resisting it * * *."

*Holien* is directly contrary to defendant's argument, which is apparently based on the concurring opinion in *Holien,* which emphasized the importance of keeping the statutory claim and the common law claim separate for purposes of analysis. The trial court found that plaintiff had adequately pled and proved that she was sexually harassed on the job by her supervisor, a forbidden discriminatory act under ORS 659.030(1). For that statutory violation, she is entitled to injunctive relief and other equitable remedies, including reinstatement, and back pay. ORS 659.121(1). The court awarded plaintiff back pay. It found that she was constructively discharged because of her complaints and resistance to unwanted sexual conduct and contact. There is evidence to support those findings. Although plaintiff's discharge was not an element of her statutory claim, it was related to her request for,

---

[1] This is a companion case to *Goldsborough v. Eagle Crest Partners, Ltd.,* 105 Or App 499, 805 P2d 723 (1991).

[2] There are two defendants in this case, Eagle Crest Partners, Ltd. and Eagle Crest Partners, Ltd. & Affiliates. For clarity, we will refer to them as defendant.

and the award of, back pay as damages. The fact that plaintiff's damages in her employment discrimination claim were proved in part by her discharge does not turn her statutory claim into a tort action for wrongful discharge. *See Holien v. Sears, Roebuck and Co., supra,* 298 Or at 102 (Linde, J., concurring).

■ Defendant's third assignment is that the trial court erred in denying its motion for a directed verdict on plaintiff's common law claim for wrongful discharge. Defendant argues that, because plaintiff quit voluntarily, she was not discharged and, therefore, failed to establish an essential element of the tort of wrongful discharge. Plaintiff contends that the "fact that [she] quit as opposed to being directly discharged by the employer does not resolve the issue of whether [she] was wrongfully discharged." Plaintiff argues that she was constructively discharged, because of unacceptable working conditions that forced her to quit. *Lewis v. Oregon Beauty Supply Co.,* 77 Or App 663, 668, 714 P2d 618 (1986), *aff'd in part, rev'd in part,* 302 Or 616, 733 P2d 430 (1987); *Bratcher v. Sky Chefs, Inc.,* 308 Or 501, 505, 783 P2d 4 (1989). Citing our opinion in *Sheets v. Knight,* 92 Or App 539, 759 P2d 307 (1988), defendant responds that, when plaintiff's action was tried, Oregon did not recognize constructive discharge.

Defendant's argument ignores the subsequent Supreme Court decision that we were wrong and that constructive discharge is recognized in this state. *Sheets v. Knight,* 308 Or 220, 227, 779 P2d 1000 (1989). The trial court correctly concluded that plaintiff was constructively discharged as a result of her complaints and resistance to defendant's sexual harassment.

■ Defendant also argues that, even if constructive discharge is recognized, plaintiff still failed to state a claim, because constructive discharge can only occur in situations where an employer unequivocally tells an employee to "resign or be fired." Defendant is wrong. *See Bratcher v. Sky Chefs, Inc., supra,* 308 Or at 505.[3]

■ Defendant's fourth assignment of error is that the trial court erred in denying its motion to strike the jury's

---

[3] Defendant also argues that there was insufficient evidence to establish retaliation. That argument is without merit.

award of punitive damages, because plaintiff failed to establish her claim by clear and convincing evidence. ORS 41.315. Plaintiff argues that ORS 41.315 does not apply, because the clear and convincing standard contained in that statute first became operative on September 27, 1987, for claims arising on or after that date. She asserts that, because her claim arose before that date, on January 15, 1987, it is not subject to the clear and convincing standard. Alternatively, she contends that there was at least sufficient evidence to raise a jury question on the issue.

■ The clear and convincing evidence standard contained in ORS 41.315 does not apply in this case, because the claim arose before September 17, 1987.[4] We also agree that plaintiff's punitive damage claim was properly submitted to the jury.

■ Defendant's last assignment is that the trial court erred in denying its motion to offset the unemployment compensation received by plaintiff from her award of special damages. It argues that, because unemployment benefits do not fall within any of the types of excluded collateral benefits under ORS 18.580(1)(a) and (d), they are subject to the offset provisions of the statute.

Plaintiff argues that defendant's reliance on ORS 18.580 is misplaced, because the operative date of the statute was September 17, 1987, for claims arising on or after that time. She contends that, because her claim arose in January, 1987, the statute does not apply. Alternatively, she argues that, even if we decide that the statute is controlling, its language is permissive, not mandatory, and, therefore, that the trial court had discretion whether to deduct the amount of collateral benefits from plaintiff's judgment.[5]

ORS 18.580 does not apply to plaintiff's claim, because it arose before September 27, 1987, the operative date of the statute. Or Laws 1987, ch 744, §§ 9, 27. Before ORS

---

[4] The clear and convincing evidence standard was contained in Or Laws 1987, ch 774, § 1. Or Laws 1987, ch 744, § 27, provides that "[s]ections 1 to 6, 9 to 11 * * * of this Act apply only to claims arising on or after the operative date of this Act." The operative date of the act is September 17, 1987. Or Laws 1987, ch 774, § 155.

[5] In the light of our disposition of this assignment of error, we need not address plaintiff's alternative argument.

18.580 was enacted, benefits received from a collateral source could not diminish the amount otherwise recoverable from a defendant. *Dickson v. Hollinger,* 262 Or 113, 115, 496 P2d 912 (1972); *Cary v. Burris,* 169 Or 24, 127 P2d 126 (1942). Therefore, the trial court properly denied defendant's motion to offset the unemployment compensation benefits that plaintiff received from her special damages award.

Affirmed.[6]

---

[6] Plaintiff cross-assigned as error the trial court's failure to admit certain evidence. We need not address that cross-assignment.