Argued and submitted January 9, decision of Court of Appeals and judgment of circuit court affirmed October 1, 1992

Vicki C. GOLDSBOROUGH,
*Respondent on Review,*

*v.*

EAGLE CREST PARTNERS, LTD.,
and Eagle Crest Partners, Ltd. & Affiliates,
*Petitioners on Review.*

(CC 88-CV-0240-MS; CA A61979; SC S37927)

838 P2d 1069

Gregory P. Lynch, of Gray, Fancher, Holmes, Hurley, Bryant & Lovlien, Bend, argued the cause and filed the petition for petitioners on review.

David Jensen, of Jensen, Fadeley & Elmore, Eugene, argued the cause and filed the response for respondent on review.

Before Carson, Chief Justice, and Peterson, Gillette, Van Hoomissen, Unis, and Graber, Justices.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

The sole question in this case is whether defendant[1] waived its lawyer-client privilege as to a letter that defendant wrote to its lawyer and that defendant's lawyer voluntarily gave plaintiff in response to plaintiff's pretrial request for production of documents. The trial court ruled that defendant waived its privilege, and the Court of Appeals affirmed. *Goldsborough v. Eagle Crest Partners, Ltd.*, 105 Or App 499, 805 P2d 723 (1991). We also affirm.

Plaintiff sued her employer for statutory remedies pursuant to ORS 659.121(1) and for common law wrongful discharge, alleging that defendant had fired her in violation of ORS 659.030 as retaliation for her filing an administrative claim of sex discrimination.

Before trial, plaintiff served on defendant a request for production of documents, ORCP 43, seeking:

"3. Any and all correspondence between defendants and any other entity *other than defense counsel*[2] regarding plaintiff." (Emphasis added.)

In response, defendant's lawyer voluntarily gave plaintiff a letter written by defendant's personnel director to defendant's lawyer concerning plaintiff's employment.[3]

At trial, plaintiff offered the letter in evidence. Defendant's lawyer objected, arguing for the first time that the letter was privileged and that defendant did not intend to waive its lawyer-client privilege when the letter was given to plaintiff. Defendant offered no evidence, and did not argue,

---

[1] In this opinion, we refer to defendants Eagle Crest Partners, Ltd., and Eagle Crest Partners, Ltd. & Affiliates, as defendant.

[2] If the lawyer-client privilege applies to a particular document, the privilege exempts the document from pretrial discovery proceedings. OEC 503.

[3] The letter stated in part:

"In reviewing my notes on Vicki's interview of October 27th, she made the following statement, 'Yes, a lot of guys come on to me, I try and support four kids.' There has to be a reason guy's [sic] 'come on' to her.

"At present, Vicki's performance has been 'Excellent', so I'll just have to wait."

Plaintiff's argument to the jury included several references to the letter, claiming that it was the most important exhibit in evidence and that the jury could use its concluding statement to prove defendant's intent to discriminate and, therefore, to award plaintiff punitive damages.

that the disclosure was inadvertent, mistaken, or not authorized by the client. In response, plaintiff conceded that the letter was a confidential communication, but argued that, because of the voluntary disclosure during discovery, defendant had waived its privilege. Defendant's lawyer acknowledged that he had voluntarily disclosed the letter, but argued that, notwithstanding, defendant did not intend to waive its privilege and, further, that the burden was on plaintiff to show that the client specifically consented to a waiver. The trial court ruled that the privilege had been waived and admitted the letter in evidence. The jury later found for plaintiff and awarded her damages.

On appeal, defendant contended that the trial court erred in admitting the letter into evidence and requested a new trial. ORCP 64B(6). Finding no Oregon cases directly on point, and relying primarily on federal cases,[4] the Court of Appeals affirmed, stating:

"Defendant has the burden to show that the letter was privileged and that it did not waive the privilege. Defendant concedes that it voluntarily disclosed the document. * * *

"* * * * *

"Defendant has not shown why it should not be bound by the general principle that voluntary disclosure constitutes a waiver. * * * [W]aiver does not require a *subjectively* intended act. It may be recognized by implication. We conclude that intent to waive may be inferred from disclosure of privileged materials during discovery, despite the disclosing party's later claim that the waiver was not intended. We

---

[4] *See, e.g., Weil v. Investment/Indicators, Research & Management, Inc.*, 647 F2d 18, 24-25 (9th Cir 1981) (voluntary disclosure of the content of a privileged attorney communication, even if inadvertent, constitutes waiver of the privilege as to all other communications on the same subject; burden of proof is on person asserting privilege to prove person did not waive privilege); *In re Grand Jury Investigation of Ocean Transp.*, 604 F2d 672, 674-75 (DC Cir), *cert den* 444 US 195 (1979) (where lawyer turned documents over to government, even though inadvertently, privilege was waived); *Liggett Group v. Brown & Williamson Tobacco Corp.*, 116 FRD 205, 207 (MDNC 1986) (disclosure of lawyer-client privileged materials by inadvertence still results in waiver); *see also In re Sealed Case*, 877 F2d 976, 980 (DC Cir 1989) (the privilege is lost even if disclosure is inadvertent); *International Digital Systems Corp. v. Digital Equipment Corp.*, 120 FRD 445 (D Mass 1988) (same); *Smith v. Aleyska Pipeline Service Co.*, 538 F Supp 977, 980-82 (D Del 1982) (same), *aff'd* 758 F2d 668 (1st Cir 1984), *cert den* 471 US 1066 (1985); McCormick, Evidence, 341-43, § 93 (4th ed 1992); *but see KL Group v. Case, Kay & Lynch*, 829 F2d 909, 919 (9th Cir 1987) (under California or Hawaii law, the inadvertent production of a letter in response to a discovery request did not constitute a waiver of the privilege).

reject defendant's contention that wavier must be express to be effective. The privilege was waived." 105 Or App at 503-04 (emphasis in original; citations and footnotes omitted).

The Court of Appeals rejected defendant's argument that there must be "specific evidence of authorization" by the client in order to find that a lawyer's disclosure of a privileged document is a waiver, explaining:

"There is no requirement that a client expressly consent to waive the privilege. [Defendant's lawyer] had authority to act on defendant's behalf when [he] produced documents in response to plaintiff's request. [The lawyer] voluntarily disclosed the letter during discovery, and defendant is bound by that disclosure." 105 Or App at 504-05 (citations omitted).

On review, defendant argues, as it did in the Court of Appeals, that its lawyer's voluntary disclosure of the letter during discovery did not waive its privilege and that it had no such intent here. Defendant reasons that, because the lawyer-client privilege belongs to the client (and not to the lawyer) and because a waiver is an intentional relinquishment of a known right, its lawyer's voluntary disclosure was not an intentional relinquishment of a known right by the client. Defendant argues further that there can be no waiver found without specific evidence of the client's consent, and that the burden is on plaintiff to show that the client specifically consented to a waiver.

■     OEC 503(2)(a) provides in part:

"A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client:

"(a)   Between the client * * * and the client's lawyer or a representative of the lawyer[.]"[5]

OEC 511 provides in part:

"A person upon whom [OEC 503 to 514] confer a privilege against disclosure of the confidential matter or communication waives the privilege if the person * * * voluntarily discloses or consents to disclosure of any significant part of the

---

[5] ORS 9.460(3) provides that a lawyer shall maintain a client's confidences and secrets consistent with the rules of professional conduct. A lawyer also has a professional duty, subject to limited exceptions, not to reveal a client's confidences or secrets. DR 4-101(B)(1).

matter or communication. This [rule] does not apply if the disclosure is itself a privileged communication."[6]

The commentary to OEC 511 states:

"Briefly, a privilege is lost when the reason for it ceases to apply. As the commentary to Federal Rule 511 explains:

" 'The central purpose of most privileges is the promotion of some interest or relationship by endowing it with a supporting secrecy or confidentiality. It is evident that the privilege should terminate when the holder by [the holder's] own act destroys this confidentiality. McCormick, *Evidence* §§ 93, 103 (2d ed 1972); 8 Wigmore, *Evidence* §§ 2242, 2327-2329, 2374, 2389-2390 (McNaughton rev 1961).

" '* * * * *

" 'By traditional doctrine, waiver is the intentional relinquishment of a known right. *Johnson v. Zerbst*, 304 US 458, 464, 58 S Ct 1019, 82 L Ed 1461 (1938). However, in the confidential privilege situations, once confidentiality is destroyed through voluntary disclosure, no subsequent claim of privilege can restore it, and knowledge or lack of knowledge of the existence of the privilege appears to be irrelevant. California Evidence Code § 912; 8 Wigmore § 2327.' "

Kirkpatrick, Oregon Evidence 282-83 (2d ed 1989).[7] *See Smith v. Aleyska Pipeline Service Co.*, 538 F Supp 977, 980-82 (D Del 1982), *aff'd* 758 F2d 668 (1st Cir 1984), *cert den* 471 US 1066 (1985) (lawyer-client privilege waived when the lawyer, acting on behalf of the client, voluntarily sent to the opposing party a copy of an opinion letter addressed to the client concerning the litigation).

---

[6] *See State v. Langley*, 314 Or 247, 264, 839 P2d 692 (1992) ("An evidentiary privilege can be waived by the holder's voluntary disclosure to third parties"); *but see* Davidson and Voth, *Waiver of the Attorney-Client Privilege*, 64 Or L Rev 637, 666 (1986) ("Doctrines which deprive a client of the privilege of confidential communication on the basis of unintentional post-communication conduct have the potential both to push the bar into a peripheral role and to eliminate an important check on tendencies toward unlawful behavior").

[7] This court is not bound by the commentary to the Oregon Evidence Code. Nonetheless, in several cases this court has found the commentary useful in determining the effect and scope of a particular rule of evidence. *See State v. Langley*, *supra* note 6, at 267 n 16 (stating rule); *State ex rel Juv. Dept. v. Ashley*, 312 Or 169, 191 n 17, 818 P2d 1270 (1991) (citing cases).

Defendant relies primarily on *Bryant v. Dukehart*, 106 Or 359, 210 P 454 (1923), a pre-Oregon Evidence Code case. In *Bryant*, there was no showing that the party claiming the privilege had turned over the privileged material. Indeed, it was not known how the privileged material reached the opposing party. Here, defendant admits that its lawyer voluntarily gave the letter to plaintiff during pretrial discovery.[8]

■      Whether defendant waived its lawyer-client privilege under OEC 511 was a preliminary question of fact to be determined by the trial court under OEC 104.[9] In deciding preliminary questions of fact under OEC 104(1), the court is to use a preponderance standard. *State v. Carlson*, 311 Or 201, 209, 808 P2d 1002 (1991). On review for error of law, we view the record in a manner consistent with the trial court's ruling under OEC 104(1), accepting reasonable inferences that the trial court could have made. *Id.* at 214. For the reasons that follow, we affirm the trial court's ruling that defendant waived its privilege.

■      It is common practice for clients to authorize their lawyers to respond to discovery requests. In the absence of evidence to the contrary, an inference may be drawn that a lawyer who voluntarily turns over privileged material during discovery acts within the scope of the lawyer's authority from the client and with the client's consent. The lawyer's action in

---

[8] Defendant also relies on *State v. McGrew*, 46 Or App 123, 610 P2d 1245, *rev den* 289 Or 587 (1980). In that case, the Court of Appeals concluded that the fact that defendant's lawyer voluntarily gave the reports of two doctors appointed to aid the defense counsel to the prosecutor without the defendant's knowledge or consent did not constitute a waiver of the defendant's lawyer-client privilege. Of course, this court is not bound by *McGrew*; and, in any event, defendant's reliance on that case is misplaced. It was *uncontested* in *McGrew* that the defendant was not aware of his lawyer's action in turning the reports over to the prosecutor and that he did not authorize that action. 46 Or App at 127. In this case, the very issue is whether the trial court was justified in inferring that defendant had authorized its lawyer to respond as he did to plaintiff's discovery request.

[9] OEC 104(1) provides:

"Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege or the admissibility of evidence shall be determined by the court * * *. In making its determination the court is not bound by the rules of evidence except those with respect to privileges."

It would be best if, in such a case, the trial court would make findings of historical facts. If the court does not make findings, however, this court will assume that the court found facts consistent with its final conclusion. *State v. Langley, supra*, 314 Or at 264-65.

voluntarily giving privileged material in response to a demand for discovery is at least an implicit representation by the lawyer that the lawyer has the client's consent to do so, *i.e.*, that the client has waived the privilege. A voluntary disclosure by a client's lawyer under facts such as those present here is, accordingly, sufficient to permit a trial court to find a waiver.[10]

■    A court need not necessarily conclude that the lawyer-client privilege has been waived when a document has been produced during discovery. Factors to be considered by the court may be whether the disclosure was inadvertent, whether any attempt was made to remedy any error promptly, and whether preservation of the privilege will occasion unfairness to the opponent. McCormick, Evidence 342-43, § 93 (4th ed 1992).

■■    As noted above, defendant conceded that its lawyer voluntarily gave the letter to plaintiff in response to plaintiff's discovery request. Plaintiff had not requested the letter. Defendant offered no evidence, and did not argue, that the disclosure was mistaken, inadvertent, or unauthorized by the client. Defendant argued only that it did not intend to waive its privilege when its lawyer voluntarily gave plaintiff the letter and that proof of the client's specific consent is necessary to find a waiver. There was no evidence or argument that the disclosure was mistaken or inadvertent or that defendant's lawyer was acting outside the scope of his authority. There is no general legal requirement that a client have specifically consented to the release of a particular document in order for a wavier to be established.

We conclude that there was sufficient evidence to support the trial court's ruling under OEC 104(1) that defendant waived its privilege. We therefore hold that the trial court did not err in admitting the letter in evidence.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

---

[10] *See* McCormick, *supra* note 4, 341, § 93 ("it is the client who is the holder of the privilege, the power to waive it is his, and he alone, or his attorney or agent acting with his authority, or his representative may exercise this power").