108 F.3d 338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry M. MILLIGAN, Plaintiff-Appellant,
v.
Daniel NOPANEN, Officer Medford Police Department; City of
Medford, a Municipal Corporation of the State of
Oregon; Medford Police Department,
Defendants-Appellees.
 No. 95-36007.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 6, 1997.
Decided Feb. 10, 1997.
 
 1
 Before: PREGERSON, and THOMAS, Circuit Judges, and REED,* District Court Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Larry Milligan appeals evidentiary rulings made during a jury trial in a 42 U.S.C. § 1983 action. We affirm.
 
 
 4
 A. Evidence of Nopanen's and other Officers' Conduct
 
 
 5
 We review the district court's evidentiary rulings for an abuse of discretion. Masson v. New Yorker Magazine, Inc., 85 F.3d 1394, 1399 (9th Cir.1996). The district court did not abuse its discretion by prohibiting Milligan from introducing evidence of Medford Police Officer Nopanen's conduct on occasions other than the incident giving rise to this action. The jury found that Nopanen did not use excessive force in his encounter with Milligan. Evidence of Nopanen's allegedly rude conduct is therefore irrelevant to the liability of Nopanen, the Medford Police Department, or the City of Medford. Palmerin v. City of Riverside, 794 F.2d 1409, 1414-15 (9th Cir.1986) ("[W]hile a Monell claim is possible where the officers' acquittal is due to the good faith immunity accorded certain individuals under section 1983 ... it is not possible, by its own terms, if the officers acted constitutionally.") (citations omitted).
 
 
 6
 We are not persuaded by Milligan's reliance on dicta from Chew v. Gates, 27 F.3d 1432, 1445 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1097 (1995) (suggesting that "municipal liability need not be predicated on an 'unreasonable' action on [the] Officer['s] ... part"). In Quintanilla v. City of Downey, 84 F.3d 353, 355 (9th Cir.1996), we explained that a § 1983 plaintiff could only recover against a city when the individual officer was exonerated "if the plaintiff established that he suffered a constitutional injury." Id. at 355 (citation omitted). Because the jury found no use of excessive force, Quintanilla precludes recovery against the City of Medford, and the excluded evidence is therefore irrelevant.
 
 
 7
 Mackinney v. Nielsen, 69 F.3d 1002 (9th Cir.1995) is also inapposite. In Mackinney, we referred to evidence of police insensitivity to First Amendment rights in discussing a Monell claim. Id. at 1010. By contrast, Nopanen's conduct--while allegedly rude--did not demonstrate a pattern of police insensitivity to Fourth Amendment rights.
 
 
 8
 Evidence of Nopanen's conduct was also not admissible to prove that Nopanen had a "reputation for pugnaciousness," Brooks v. Bergholm, 470 P.2d 154, 157 (Or.1970); a factor in the state law battery claim. Milligan's attempt to introduce specific incidents of Nopanen's conduct with Nopanen's neighbors, the Goddards, is prohibited by Federal Rule of Evidence 404(b), which states: "Evidence of other ... wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."
 
 
 9
 The district court also did not abuse its discretion in not admitting the evidence to impeach Lt. Lavine, who testified that Nopanen was not the type of officer to "just go wild." While some of the allegations of Nopanen's behavior may have arguably demonstrated Nopanen's temper, none of the excluded evidence of pre-incident behavior reflected on Nopanen's on-duty conduct. Moreover, even if the district court erred in excluding evidence of Nopanen's conduct with the Goddard's to impeach Lt. Lavine, Milligan suffered no prejudice. Because the jury found that Nopanen did not use excessive force, Lt. Lavine's knowledge of Nopanen's tendency to "go wild" is irrelevant.
 
 
 10
 The rationales for excluding evidence of Nopanen's pre- and post-incident conduct apply with equal force to limiting the testimony of Milligan's expert witness. This witness would have testified to prior incidents of excessive force by other Medford police officers: evidence made irrelevant by the jury's finding that Nopanen did not use excessive force.
 
 
 11
 B. Evidence of the Milligans' marital relationship
 
 
 12
 The district court also did not abuse its discretion by admitting evidence of the Milligans' stormy marital relationship. Milligan himself raised the issue of sexual impotence in his claim for damages. Milligan's own expert medical witness testified that infidelity and threatening behavior could contribute to impotency. Finally, the district court carefully limited the evidence to that which showed fighting and disagreements "above and beyond what is normal in most marriages." Pretrial Conference Transcript at 13:19-20 (emphasis added).
 
 C. Waiver of Mrs. Milligan's privileges
 
 13
 It is an unsettled question whether state or federal privilege law controls in a federal question case with pendent state claims. Roberts v. Heim, 123 F.R.D. 614, 621 (N.D.Cal.1988), aff'd in part, rev'd in part on other grounds, 857 F.2d 646 (9th Cir.1988). Under either federal or state law, however, Mrs. Milligan waived any evidentiary privileges. Mrs. Milligan waived her federal privileges through "[t]he voluntary delivery of a privileged communication ... to someone not a party." United States v. Zolin, 809 F.2d 1411, 1415 (9th Cir.1987) aff'd in part, vacated in part on other grounds, 491 U.S. 554, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989). Similarly, under Oregon law Mrs. Milligan waived her state privilege claims through voluntary disclosure, and "no subsequent claim of privilege can restore it." Goldsborough v. Eagle Crest Partners, Ltd., 838 P.2d 1069, 1072 (Or.1992).
 
 
 14
 The decision of the district court is accordingly AFFIRMED.
 
 
 
 *
 Honorable Edward C. Reed, Jr., Senior United States District Judge, District of Nevada, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3